CASE 80—PETITION EQUITY—MAY 28.

# Commonwealth v. Gibson, &c.

### APPEAL FROM HENDERSON CIRCUIT COURT.

PAROL GIFT OF LAND—ADVERSE POSSESSION.—If one in fact enters under a purchase or a gift, although it may be verbal, and holds the land by actual, open possession, claiming it as his own, such possession is adverse, and a right of action at once accrues to the vendor or donor, and limitation runs from that date.

P. W. HARDIN, ATTORNEY-GENERAL, BROWN & MERRITT AND A. T. DUDLEY FOR APPELLANT.

The possession of Mrs. Robinson was not adverse. So long as the donee or vendee under a parol contract looks to the donor or vendor for title, the possession is amicable, and the statute of limitations is not a bar to the recovery by the donor. (Speers v. Sewell, 4 Bush, 241; Strother v. Cyrus, 5 Ky. Law Rep., 58; Fite v. Orr's Assee., 8 Ky. Law Rep., 349; Pragoff v. Flood, 7 Ky. Law Rep., 636–645.)

BALL & DORSEY AND YEAMAN & LOCKETT FOR APPELLEES.

1. As appellant does not allege that the land in controversy was the property of its debtor, James W. Gibson, Sr., it does not show that it had the right to subject it.
2. The possessory title of Mrs. Robinson was perfect. The cases relied upon by appellant do not apply, as Mrs. Robinson is not claiming under a parol gift, but rests her claim upon an adverse possession of fifteen years.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The testimony in this case shows that James W. Gibson, Sr., gave by parol to his son Wiley Gibson, the one hundred and eleven acres of land in contest in 1862, and that he, in like manner, gave to his daughter, the appellee Martha, the Pritchett land, and when she married in January, 1864, told her to take possession of it. The son took possession of his land when it was thus given to him, and lived upon it from that time

until December, 1865, when, at the instance and by the request of the father, the son and daughter verbally exchanged farms, Martha thus acquiring the land now in contest; and from the time she thus obtained it until this suit was brought in August, 1879, to subject it to the father's debt, and ever since, she has been in the actual possession of it either in person or by tenant. During the time the brother was in possession he claimed, used and occupied it as his own, and paid the taxes on it; and this is true of the appellee Martha. Robertson, ever since she acquired it of him. During all this time the father exercised no control over it in any way. The daughter has improved it to a very considerable extent.

It is urged that the father only *expected* or *intended* to give these lands to these children, and that as there is some testimony that the appellee Martha Robinson expected him to make a title to her to the land, therefore her possession was amicable to him, and the plea of limitation by her unavailable.

It is manifest from the father's own testimony, who is a witness against her, that he made the gift; and this also clearly appears from her own and other evidence. It is equally certain that the possession, first of the brother and then of the appellee Martha, has been actual and uninterrupted from 1862 up to the bringing of this action in August, 1879, a period of more than fifteen years. Unless, therefore, the law says that, under the state of case named, she cannot rely upon the possession as adverse, she is invested with a possessory title, which prevents the land from being subjected to the judgment against her father.

It is true that the legal title to the land is yet vested in him, and that no writing evidenced the gift; but whether a holding is adverse or amicable depends upon the character of it in point of fact. In the cele-brated case of Taylor v. Horde, 1 Burr., 60, Lord Mansfield laid down the broad rule that disseizin is a fact to be found by the jury, and it has been followed in this country. Thus, ordinarily, the possession of one joint tenant is that of all, but if that one openly denies the right of his co-tenant, and is in possession of and claiming the entire property himself, it is so no longer, but adverse.

A tenant or *quasi* tenant may by his act not only terminate the relation of landlord and tenant, but render his possession adverse. (Morton v. Lawson, 1 B.) M., 46. The moment he disclaims to hold as tenant, a right of action accrues against him. So, too, an entry, although under a parol contract, may be of such a character as to operate as a disseizin, and the possession ripen into a title.

If one holds land as a purchaser, although under a parol contract, yet it is as his own and not as the land of the vendor.

If the contract of purchase be executory, and the purchaser be holding as a *quasi* tenant, yet he may hold adversely *in fact.* (Moore v. Webb, 2 B. M., 282.)

If one in fact enters under a purchase or a gift, although it may be verbal, and holds the land by actual, open possession, claiming it as his own, such possession is adverse, and a right of action at once accrues to the vendor or donor. The moment such possession begins, the owner is disseized. It is immaterial

whether the entry was by the owner's consent or not. If, after entry, the new-comer claims the land as his own, and the owner has notice of it, either actual or constructive, then there is a disseizin. Whether it has occurred, is a question depending upon the circumstances ; but if there is an exclusive occupancy by the new-comer, with a use of the land as his own, in hostility to the right or title of the owner, then there is an actual ouster and a consequent disseizin. (Medlock, &c., v. Suter, &c., 80 Ky. Rep., 101.)

The cases of Speers, &c., v. Sewell, &c., 4 Bush, 239 ; Usher's Ex'r v. Flood, 83 Ky. Rep., 552, and Fite v. Orr's Assignee, &c., MS. opinion, October 12, 1886, relied upon by the counsel for the appellant, are not in conflict with this view. They merely decide that a vendee or a donee, under a parol contract, although in possession, cannot use that contract and such possession as a defense to an action by the vendor or donor to recover the land. This is because the statute of frauds prevents him from so doing.

There must be a written memorial of the contract, signed by the party to be charged, to enable the other contracting party to hold the land by virtue of the contract. But a different question is presented when a vendee or donee has taken possession of land under a verbal contract, saying to the vendor or donor, and all the world, "this is *my* land and not yours," and has so held it for fifteen years or over. The moment the vendee or donee does this, the vendor or donor has a right to sue for the land, and hence the adverse holding then begins ; and if it continues for the statutory period, this possession ripens into a possessory title.

The claimant recognizes no better title than his own, and it appears *quo animo* the possession is held.

The appellee Martha Robinson is not suing for the legal title, or seeking to enforce any parol contract, but is relying merely upon the adverse possession, which, as the testimony shows, has continued for so long a period as to bar a recovery by James W. Gibson, Sr., and hence his creditor cannot subject it.

If one enters upon the land by the owner's mere permission, *expecting* merely that he will give it to him, then such a possession is not a hostile holding; but where there is an unconditional parol gift of it, accompanied by an actual possession of fifteen years or over, with claim of ownership, the donor cannot recover it, although the donee may have entered expecting that the donor would *in futuro* convey or devise the land to him.

Wood on Limitation of Actions, p. 539, says : "An entry under a parol gift of certain lands, the extent of which is definitely fixed, is adverse to the donor, and ripens into a title after the lapse of the requisite statutory period. There are cases in which a contrary doctrine is held, but the weight of authority, as well as common sense, and the principles applicable to adverse possession, seem to support the rule as stated, because a person entering under such circumstances enters as owner, and occupies under a claim of ownership, and every attribute requisite to acquire a title by adverse possession exists."

The writer is supported by the cases of Stael v. Johnson, 4 Allen, 425, and Outcalt v. Ludlow, 32 N. J. L.,

251 ; and, in fact, the very question now presented was passed upon by this court in the case of Chamberlain, &c., v. McKinney, decided November 1, 1884.

Judgment affirmed.