## Delano, et al, v. Air, et al.

(Decided February 11, 1914.)

### Appeal from Campbell Circuit Court.

1. Adverse Possession—Entry Upon Land Under Verbal Gift.— One who enters upon land under a verbal gift claiming it as

his own adversely to all the world, holds adversely to the donor and if his possession continues for fifteen years cannot be dispossessed.

1. Limitation—When Statute Runs Against Infant.—If the Statute begins to run against the ancestor, it continues to run against the heir although an infant.

H. M. HEALY for appellants.

RAMSEY WASHINGTON, HOWARD M. BENTON for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

In the year 1884, Dennis Cahill, who owned a lot in Newport, built two houses on the lot—one for himself and one for his daughter, Mrs. Kate Air, she furnishing part of the money for her house and agreeing to pay back to her father what he paid out on it, he giving her the lot. She and her father each lived in their respective houses from that time. She made him payments from time to time on what he had advanced on her house, but had not finished paying him when he died in 1888. She paid the remainder to his personal representative. From the year 1884 down to this time she has lived in this house claiming it as her own. Her father often declared that he had given her the lot, and said that they would make her a deed when it suited his wife to go to the courthouse, but he died before the deed was made. By his will made shortly before his death, he devised his estate to his wife for life and at her death to go to all his children and to be equally divided between them and their offspring, they to have only the use of it during their lifetime. On April 8, 1913, Kate Air brought this suit against her brothers and sisters and their offspring to quiet her title to the lot. None of the adults resisted the prayer of the petition, but the guardian ad litem filed an answer denying her right to the relief sought. The circuit court entered judgment in her favor; and this appeal is prosecuted for the infants.

It is insisted for them that the infants take as remaindermen, that the statute of limitations did not begin to run against Dennis Cahill in his lifetime and that if the statute did not begin to run against him, it has not run against the infant remaindermen since his death.

We have often held that where one enters upon the land under a verbal gift, and continues in possession for

fifteen years claiming it as his own, the donor's right to recover the land is barred. (Commonwealth v. Gibson, 85 Ky., 666; Thompson v. Thompson, 93 Ky., 435; Ward v. Edge, 100 Ky., 757; Owsley v. Owsley, 117 Ky., 47; Robinson v. Huffman, 113 S. W., 459, and cases cited.) While it is true that one holding under a title bond does not hold adversely to his vendor to whom he looks for title, a different rule is applied in the case of a parol gift for the reason that the parol gift not being enforcible by law, the donor has a present right of action to recover the land; but the vendor who has given a title bond cannot maintain an action to recover the land from his vendee. The proof leaves no doubt that the possession of Mrs. Air was adverse to her father from the time she took possession of the property in 1884 and that he always after this recognized it as her property. The statute of limitations then began to run and was not interrupted by his death. (Patterson v. Hansel, 4 Bush, 654.) It follows, therefore, that after the lapse of fifteen years, her title by possession had become perfect. The circuit court properly adjudged her the relief sought. No other question is decided.

Judgment affirmed.