## Shive v. Janes, et al.

(Decided February 17, 1916.)

### Appeal from Metcalfe Circuit Court.

Deeds—When May Be Sufficient to Establish Possessory Title of Boundary.—A deed insufficiently describing a boundary of land claimed to have been conveyed thereby, treated as evidence of a parol conveyance, and in connection with evidence of more than fifteen years' adverse possession by the grantee of the definite boundary claimed, held to establish possessory title in said grantee to said definite boundary.

M. O. SCOTT and J. W. COMPTON for appellant.

J. W. KINNAIRD and J. R. BEAUCHAMP for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

January 4, 1913, appellees filed this action in the Metcalfe Circuit Court to sell the land of which they allege Charles Shive died seized and possessed, consisting of two tracts, one containing one hundred and ten acres, and the other six hundred and thirty-seven acres, and asking that the proceeds of said sale be distributed among the plaintiffs and defendants, as the only heirs of said Charles Shive, according to their interests therein.

Joe Shive, one of the parties to this suit, asserted claim to the one hundred and ten acre tract, which claim was allowed and that tract is not involved in this litigation.

Appellant, C. R. Shive, on August 20, 1913, filed answer alleging that the said decedent had conveyed to him by deed in 1891 two hundred acres included in the six hundred and thirty-seven acre tract, copying into his answer as a description of said two hundred acres, the calls given for same in the deed to him. These calls do not close, and are not sufficient to describe any boundary of land.

On August 21, 1914, appellant filed an amended answer in which he said he had just discovered the description of his land in his original answer and deed was incorrect, and he then gave a description as being the correct description of the land conveyed to him by said deed from his father, which included probably more than four hundred acres.

On March 16, 1915, appellant filed a rejoinder in which he gave another description of the land claimed by him to have been conveyed by the deed from his father, which description was estimated to contain considerably more than two hundred acres, and appellant alleged in this rejoinder that the description given therein was the true and correct description 'of the land conveyed to him by his father in 1891, at which time he took possession under said deed to the boundary lines therein described, and that he had been in adverse possession of said boundary since the date of said deed, which was more than twenty years. He asked that his deed be reformed so as to include this boundary described in the rejoinder, and that he be adjudged to be the owner of said boundary by reason of the adverse possession of same in the event his deed was not reformed.

The allegations of all of his pleadings were traversed by pleadings filed by appellees. In the deed from his father, Charles Shive, to appellant, after giving the nine calls which purported to completely describe the boundary of two hundred acres of land attempted to be conveyed to him by said deed, there is this sentence: ''Excluding two hundred acres, same patented to George Shive, this patented to Charles Shive in the year 1851.''

. In 1851 there had been issued to Charles Shive a patent for a tract of land—stated to contain two hundred acres—but which in fact embraced a boundary of more than four hundred acres, and included five tracts of land aggregating about two hundred acres, which many years before had been patented in five separate patents to George Shive, the father of Charles Shive. At the time Charles Shive had this patent issued to him in 1851, he was the owner and in possession of the five tracts formerly patented to his father, and at the end of the description of the land in said two hundred acre patent is this sentence: ''Excluding two hundred acre patent to George Shive,'' from which it is apparent that this patent to Charles Shive was a blanket patent taken out by him

for the purpose of acquiring the title to about two hundred acres of land lying between and surrounding the five tracts he already owned.

If the deed Charles Shive made to appellant in 1891 had contained a complete description of the land patented to him in 1851, it would be apparent that his purpose in making that deed was to convey to appellant the land, the title to which he acquired under said patent, not including the George Shive tracts of about two hundred acres; but, as stated before, the deed to appellant only contained a small part of the calls necessary to describe the land covered by the patent of 1851, and not enough calls to describe or identify any tract of land.

The lower court evidently believing that this was his purpose adjudged that appellant took under his deed the land patented to his father in 1851, excluding the five tracts known as the George Shive patents, which awards to appellant title to some land he does not claim, and denies to him title to the land upon which he has resided continuously for about twenty years. The judgment held appellant's claim to possessory title to be without merit.

Joe Shive, Jim Jones, Mathew Gabbart, Lora Garman, E. A. Firkins, and Polly Garman, testifying for appellant, stated that during the past fifteen years, at different times and places, the decedent, Charles Shive, had shown or described to each of them as the division line between the land he still owned and that he had deeded to appellant the line that appellant is now claiming as said division line, and several of these witnesses testified that during all this time appellant had resided upon, occupied and claimed as his own the land up to said division line and to the lines as now claimed by him. No witness testifies that Charles Shive ever at any time after he made the deed to appellant asserted any claim or questioned appellant's title or possession to the land he is now claiming.

While the deed to appellant does not sufficiently describe any land to identify it, still it is evidence that his father did attempt to convey to him some land. At the time appellant's father made this deed to him, appellant was living in the house with his father, which is located upon one of the George Shive patents, and to which appellant makes no claim. In a short time after the deed was executed, appellant moved out of his father's house

and into a house upon another of the George Shive tracts, included in the boundary he now claims. That was more than twenty years ago, and there is absolutely nothing in the record contradicting appellant's claim that during all the time since in which he has lived in that house, that he has occupied the land as now claimed by him adversely to the claims of all others; that he did so occupy it, and to the lines now claimed, is supported by the testimony of several witnesses, and that his father recognized his claim to that part of the land is substantiated by the testimony of the six witnesses named above. In view of this testimony it is impossible for us to believe that the lower court's decision correctly decided this case. There is no evidence to support his decision, and it can rest upon but one thing, and that is the following sentence in the deed to appellant, "excluding two hundred acres, same patented to George Shive, this patented to Charles Shive in the year 1851." As said before, if in connection with this sentence the deed to appellant had contained a complete description of the land patented by Charles Shive in 1851, we would have been convinced that it was the intention of the parties by the deed to convey to appellant the land acquired by the grantor under the patent of 1851, but the deed did not contain all or even half of the description in the patent. It contained only nine calls, and these nine calls correctly described a part of two sides of the boundary of land claimed by appellant, and none of these calls touch any of the land that is not claimed by him. This would seem to indicate to us that in the preparation of that deed it was the intention of the parties not to convey to appellant thereby all the land acquired by Charles Shive under the patent of 1851, and this construction is in harmony with all the facts in this case, except the one clause in the deed above quoted.

If the lower court's construction is correct and was the intention of the parties at the time, appellant all these years has been living upon and in possession of one of George Shive's tracts of land which was excluded from the deed. It seems more reasonable to us that the sentence, "excluding two hundred acres, same patented to George Shive, this patented to Charles Shive in the year 1851," was included in the deed through a mutual mistake, than to believe that a greater part of the calls of the 1851 patent were left out of the deed by mistake, and that appellant all these years lived upon the land not con-

veyed to him, especially in view of the testimony of the six witnesses that Charles Shive at various times throughout the twenty years since the deed was made has recognized the division line between him and appellant agreeable to appellant's claim.

Even if we disregard the deed because it did not sufficiently describe any tract of land and hold it had no effect except as evidence of a parol gift, or conveyance, the testimony in this case for appellant· was ample to sustain a possessory title to the land claimed. Commonwealth v. Gibson, 85 Ky., 666; Medlock v. Suter, 80 Ky., 101; Tippenhauer v. Tippenhauer, 158 Ky., 639; Robinson v. Huffman, 113 S. W., 458.

Wherefore, the judgment is reversed, with directions to adjudge appellant the owner of the land claimed by him, and for proceedings consistent herewith.