## Brachey v. Peddicord.

(Decided May 4, 1923.)

### Appeal from Bullitt Circuit Court.

1. Taxation—Sale of Real Estate Before Exhausting Personalty is Invalid.—Where land sold for taxes belonged to an owner who was admittedly the owner of a large amount of personal property located in the county subject to distraint for taxes, the tax sale was invalid under Ky. Stats., section 4149, requiring the sheriff to exhaust the personalty of a taxpayer before levying on real property.

2. Taxation—Failure of Purchaser to Give Notice to Owner Defeats Transfer of Title.—The failure of the purchaser of land at a tax sale and of his successor in title to comply with Ky. Stats., section 4153, requiring the purchaser to notify the persons in whose name the property was listed for taxation of his purchase, by notice in writing served by the sheriff as provided in Civil Code of Practice, sections 624, 625, is an irregularity which invalidates the sale in so far as it pretended to pass the fee, and entitled the purchaser and his successor to a mere lien upon the land for the amount of taxes with interest and penalty.

3. Taxation—Failure of Sale Proceedings to Conform to Statutes Prevents Title from Passing.—Proceedings for sale of land for taxes must conform to the statutory requirements, and, if they do not, no title will pass.

BEN CHAPEZE for appellant.

T. C. CARROLL for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

This action was commenced by appellee Evelyn Peddicord in the Bullitt circuit court against appellant, Nellie R. Brachey, to quiet title to a tract of 53½ acres of land in Bullitt county, averring that appellant Brachey was setting up claim to the land and thus wrongfully casting a cloud upon her title. Appellee Peddicord held a deed for the land under the recognized chain of title. Appel-

lant Brachey holds a tax deed to the same tract of land, which deed bears date February 1, 1919. One Glenn bought the land at a tax sale by the sheriff on April 10, 1916, for taxes due in the fall of 1915. Glenn obtained title from Sheriff Coran by deed dated February 1, 1919. Neither Glenn nor appellant Brachey ever had possession of the land under the sheriff's deed but all the time the land was in the possession of appellee Peddicord and her predecessors in title. Appellant Brachey set up her claim under the sheriff's deed by answer. By reply Mrs. Peddicord assailed the validity of the tax deed on many grounds, and tendered to appellant the amount of taxes with ten per cent. interest, and fifteen per cent. penalties, together with costs. This tender was refused by appellant.

Appellant complains that she was not allowed to file an amended answer and cross-petition, and that she was not allowed more time in which to take proof before the case was submitted. The records concerning the tax sale, which are made a part of the evidence in this case, establish beyond question that there were many irregularities, any one or more of which are sufficient to defeat appellant Brachey's claim to the land but not her right to a lien upon the land for the amount of the taxes, with interest and penalties. The land was sold as the property of one Patterson and of one Nussbaugh. The title appears to have been in Patterson. It is admitted by appellant that Patterson was the owner of a large amount of personal property located in Bullitt county, subject to distraint for taxes. Under section 4149, Kentucky Statutes, it is the duty of the sheriff before levying upon real property for taxes to exhaust the personalty of the taxpayer. This was not done and for this reason the tax sale was invalid. By section 4153, Kentucky Statutes, a purchaser of land at a tax sale must notify the person in whose name the property was listed for taxation of his purchase, and this notice must be in writing and served by the sheriff, as provided by sections 624 and 625, Civil Code of Practice. Banking Company v. Saunders, 174 Ky. 68. Glenn, the purchaser and predecessor in title of appellant Brachey, did not comply with the provisions of the foregoing sections. Neither did Mrs. Brachey, and this was such an irregularity as to render the sale of the land invalid insofar as it pretended to pass the fee to the same, but gave the purchaser Glenn and his vendee a mere lien upon the land for the amount of the taxes with

interest and penalty. In the opinion in the case of Miller v. Powers, 184 Ky. 418, and in the case of Taylor, etc. v. Arndell, etc., 192 Ky. 249, and in the Saunders case, *supra*, are set out some of the irregularities which will void a tax deed, including these irregularities to which we have referred. The proceedings must conform to the statutory requirements and if they do not no title will pass.

The lower court adjudged appellant Brachey entitled to a lien upon the lands only for the amount of the taxes plus interest and penalties. She was also adjudged her cost up to the time of the filing of the reply which tendered her a sum equal to the taxes, interest and penalties. This judgment awarded her all to which she was entitled, and it must be affirmed.

Judgment affirmed.