## Whitaker et al. v. Langdon et al.

June 21, 1946.

C. R. Luker and J. Milton Luker for appellants.

B. J. Bethurum and Gladstone Wesley for appellees.

OPINION OF THE COURT BY JUDGE SILER—Affirming in part, reversing in part.

C. M. Langdon and others, appellees, brought this suit on March 21, 1944, against William H. Whitaker and others, appellants, to quiet title to 200 acres of land and to enjoin timber cutting thereon.

A jury verdict having been rendered against Whitaker on the question of his asserted title by adverse possession and the trial court having entered, in conformity to such verdict, its judgment declaring Langdon to be the owner of subject land and granting the requested injunction, appellants now take this appeal.

Grounds urged for reversal are, in sum and substance, as follows: (1) the trial court's holding as a matter of law that Langdon's paper title was valid, which holding was embodied in Instruction No. 1 to the jury, was erroneous and (2) appellants were entitled to a peremptory instruction.

This land was conveyed jointly to Whitaker and his brother named Dewey in 1920. They mortgaged it in 1922, when William H. Whitaker was only 19 years old, to indemnify their surety on a $300 promissory note. The half interest of William H. Whitaker in this land was sold to Langdon by the sheriff to satisfy 1926 taxes amounting to $9.49 on March 21, 1927, the sheriff's deed having been executed therefor about 17 years later or on March 20, 1944. The other half interest, owned by Dewey, was sold to Langdon by court commissioner under decretal sale to satisfy the 1922 mortgage, deed having been executed therefor on March 2, 1929. Evidence for William H. Whitaker tends to show that he has lived on subject land all of his life, except for a period running from some date in 1932 to February or March of 1933. During the latter period he was rebuilding his home which had burned, but he continued to use the land, he said, even during this absence. He also said he continuously farmed this land, used it for grazing, paid taxes on it, cut and sold its timber, rented it to tenants and paid rent on his own behalf to no one. He denied he ever rented the land or any part of it from Langdon, denied that he ever had, until about two years before the trial, notice from any one that Langdon had bought the land for taxes, asserted that Langdon had negotiated to buy his land at a price of $1,100 about 1925 but had failed to complete the transaction. Evidence for Langdon tends to show that he put William H. Whitaker on subject land as his tenant, with the understanding and agreement that William H. Whitaker would look after the property and serve as timber warden. The beginning of this alleged tenancy is not definite, the evidence merely showing it was "not very long" after the date

of the commissioner's deed, which would mean not very long after March 2, 1929. If "not very long" meant 20 days or more, then Langdon was testifying that William H. Whitaker had been his tenant for something less than a period of 15 years before the filing of this action on March 21, 1944. Langdon further testified he had been paying taxes on this land since he purchased it at the sheriff's sale in 1927, that he had been on the land eight or ten times since that time, that he had given William H. Whitaker written notice to vacate subject land in 1938, which notice was duly executed as required by law.

Appellants concede that Langdon became owner of a one-half undivided interest in subject land by virtue of the court commissioner's deed of 1929. And, of course, that half interest would remain his unless lost by adverse possession.

The first question for our consideration on this appeal is whether Langdon has legal title to the other undivided half interest in subject land, that is the half interest that was conveyed to William H. Whitaker in 1920. The court commissioner's deed of 1929 did not undertake to make conveyance on behalf of William H. Whitaker but only as to Dewey Whitaker and the latter's wife, since only the following words in the body of the deed were used: "Now, therefore, this indenture, made and entered into this 2nd day of March 1929, between Dewey Whitaker and Rosa Whitaker by G. E. Jasper, Master Commissioner of said court, of the first part, and C. M. Langdon, of the second part, etc."

It is fundamentally necessary that a conveyance shall use the specific names of its grantors in the body of the instrument in order to pass valid title out of such grantors. Goodrum's Guardian v. Kelsey, 244 Ky. 349, 50 S. W. 2d 932. Moreover, upon looking back at the judgment of decretal sale, we find it does not adjudge any lien whatever against any property owned by William H. Whitaker. Accordingly, it seems clear that Langdon received no part of William H. Whitaker's title by the court commissioner's deed of 1929. If Langdon received none of William H. Whitaker's title by the court commissioner's deed, did he get the latter's title by the sheriff's tax sale of 1927 followed by the sheriff's deed of 1944? The answer must be in the negative in the face of the evidence produced on the trial. All the steps necessary to give a sheriff authority to sell at a tax sale

must be shown, and any failure to comply with the requirements of the law made for the protection of the owner's interest will prove fatal. Helm v. Payne, 1 Ky. Law Rep. 350, 10 Ky. Op. 808. A tax deed is not evidence of title, without affirmative proof that all the requirements of the law, from the listing of the property to the execution of the deed, have been strictly followed. Williams v. Peyton's Lessee, 4 Wheat. 77, 17 U. S. 77, 4 L. Ed. 518. Appellants contend that there was non-compliance with preliminary statutory requirements in Langdon's tax title. In order to determine the correctness of such contention, we must examine the revenue and taxation laws that were in effect in this state in 1927, the time of Langdon's purchase. In the year 1927, when the sheriff sold this land for taxes, there was in effect a statutory provision, which provision was subsequently repealed in 1940, requiring the purchaser of land at a tax sale to notify the owner in writing relative to such purchase within 50 days thereof. See Sec. 4153, Carroll's Ky. Statutes. Langdon's evidence only showed that he gave a written notice, which was to vacate subject land, to William H. Whitaker in 1938 or about 11 years after Langdon's purchase. William H. Whitaker's own evidence showed he had no notice of any kind about the 1927 purchase by Langdon until about two years before the trial or about 16 years after the tax sale had been made. This 50 day statutory notice was, when Langdon made his purchase in 1927, a prerequisite to a valid passing of a fee title, and his failure to give such notice left him with a mere lien to secure his outlay for taxes, together with penalty and interest. See Brachey v. Peddicord, 199 Ky. 75, 250 S. W. 511. Therefore, Langdon's purchase at the sheriff's tax sale in 1927 must be considered incomplete because of the irregularity mentioned, and accordingly the sheriff's deed of 1944 did not serve to pass William H. Whitaker's title in subject land to Langdon.

Since Langdon did not receive legal title to William H. Whitaker's part of subject land either by the commissioner's deed of 1929 or by the sheriff's deed of 1944, both Langdon and William H. Whitaker were joint and equal owners of the fee title to subject land from and after March 2, 1929

The trial court committed error, which was prejudicial to William H. Whitaker's substantial rights, in

holding that Langdon's paper title was valid as a matter of law and in giving to the jury an instruction to that effect.

Considering now appellants' second contention, we do not think they were entitled to a peremptory instruction on the question of title by adverse possession. There was no proof whatever that William H. Whitaker's occupancy of subject land was hostilely adverse to Langdon. How could it have been when William H. Whitaker, according to his own testimony, did not even know until about 1943 that Langdon, his joint owner since 1929, was claiming the whole title by reason of the tax sale in 1927? A joint owner has the right to enter upon the common property and occupy and use it, but his presence upon the premises is not sufficient to put the other joint owner on notice that he is claiming the whole estate adversely to his joint owner. Bailey's Widow and Heirs v. See, 187 Ky. 596, 219 S. W. 1061. Where one joint tenant is in possession of the land owned in common with another joint tenant, he can not assert title to the whole by adverse possession until he has brought home to the other joint tenant by clear and convincing evidence notice of his intention to set up title in himself as against the other joint tenant and has so asserted title for the statutory period. Bates v. Adams, 182 Ky. 100, 206 S. W. 163.

As to whether Langdon or his joint owner, William H. Whitaker, occupied subject land in a manner that was hostilely adverse, one toward the other, for the statutory period of time, there could possibly be a proper question for jury submission upon another trial. But that would depend, of course, upon the kind and character of the evidence to be produced upon a second trial, if a second trial should occur.

It was proper, we think, for the trial court to grant an injunction against timber cutting until such time as the property or its proceeds may be divided or until such time as another trial may result in an exclusive ownership in one party or the other by reason of a hostilely adverse possession by one owner against his other joint owner. The injunction should thus be considered of temporary nature.

Wherefore, because of the prejudicial error committed on the trial, the judgment is reversed as to its ad-

judication of appellee Langdon's exclusive ownership in the subject land but the judgment is affirmed as to its granting of an injunction against timber cutting by appellants, pending a division of said land or its proceeds or pending the outcome of a second trial if that course should be adopted.

Judgment affirmed in part and reversed in part.