**WHITE et al. v. SMITH et al.**

Court of Appeals of Kentucky.

March 12, 1954.

Dan T. Martin, Hindman, D. G. Boleyn, and Elbert Strong, Hazard, for appellants.

Clark Pratt, Hindman, for appellees.

WADDILL, Commissioner.

The issue involved in the appeal is the ownership of four acres of land located near Smithboro, in Knott County, Kentucky. The court adjudged the appellees to be the owners thereof by virtue of a parol gift from its owner, Farmer Smith, accompanied by a continuous, notorious, open, adverse, peaceable and exclusive possession for more than fifteen years. The appellants urge that appellees' possession of

the land was merely permissive and that they are the rightful owners because they established title to the property by deeds from the heirs at law of Farmer Smith.

Following his retirement from the Army, Farmer Smith, a bachelor, returned to Knott County and found that his cousins, Bill Smith and his sister, Sally Smith, were in destitute circumstances. Apparently Farmer Smith was very fond of these old people, and sympathetic about their plight, for in 1932 he purchased the land now in controversy, and with the help of Bill Smith, repaired an old house thereon, and placed appellees in possession thereof. The property has been occupied by these old people since that time and it was not disputed that they have made improvements upon the property, cultivated and fenced the land, set out an orchard and otherwise exercised dominion over the land. The appellee, Bill Smith, testified that Farmer Smith gave the property to him and his sister, Sally. His testimony was supported by several witnesses, including that of attorney John D. Smith, who testified that Farmer Smith had told him on various occasions that he had given appellees the property because he felt sorry for them as they had no money and no place to live.

Farmer Smith died intestate in 1943. In 1950, after the appellants, Shelby White and Betty Allen, had purchased the interests of all the other heirs at law of Farmer Smith, and had attempted to negotiate a sale of the property, appellees filed this action in which they sought to be adjudged the owners of the property and to have their title thereto quieted.

The rule governing cases of this character was stated in Murphy v. Newingham, 151 Ky. 360, 151 S.W. 930, 932, thusly:

"It is well settled that where there is an unconditional parol gift of a well-defined body of land, accompanied by an actual possession for 15 years or over, with claim of ownership, such possession ripens into title, and the donor cannot recover the land. If,

938

however, one enters upon land by the owner's permission, expecting that the owner will give it to him, then such possession is not a hostile holding. Commonwealth v. Gibson, 85 Ky. 666, 4 S.W. 453, 9 Ky.Law Rep. 205; Thompson v. Thompson, 93 Ky. 435, 20 S.W. 373, 14 Ky.Law Rep. 513; Owsley v. Owsley, 117 Ky. 47, 77 S.W. 397, 25 Ky.Law Rep. 1186."

■ While the evidence introduced in behalf of the appellants tended to contradict the proof offered by appellees concerning the character of appellees' possession of the land, thus making a sharp issue of fact, the Chancellor had ample evidence upon which to resolve the issue in appellees' favor.

Appellants further urge this Court to make a finding concerning the ownership of another tract of land designated as tract No. 2. We observe that the Chancellor refused to adjudicate this phase of the case because the evidence was insufficient to establish ownership in either party to the action. We agree.

Judgment affirmed.