William W. TRIPLETT et al., Appellants,

v.

Oliver C. CHADWICK et al., Appellees.

Court of Appeals of Kentucky.

March 21, 1958.

Burchett & Burchett, Ashland, for appellants.

S. S. Willis, William E. Fanning, Ashland, for appellees.

MOREMEN, Chief Justice.

The question to be decided in this case concerns whether Frank Triplett obtained title to a six-acre tract of land by adverse possession. The circuit court held that he did not.

Joseph Triplett owned land in Boyd County. Katherine Triplett was his wife. They had eight children.

In the year of 1903, Joseph Triplett built a house on his land. Frank Triplett, one of the children, helped in its construction and after its completion, he occupied the house until his death in 1951. There is some evidence that indicated his father had promised to give it to him, but no deed was executed. Around the house Frank Triplett built a fence which encompassed about six acres of land. He tilled the soil, planted an orchard, and paid taxes on the property. He paid no rent.

On April 17, 1916, Joseph and Katherine Triplett conveyed about 138 acres of land, which included the six-acre tract, to four of their sons and a daughter. Frank Triplett was not a grantee, but he continued to occupy the house and enclosure. There is evidence that this was done with the approval of the new owners.

In 1938, Frank Triplett inherited a fractional interest from one of his brothers and, in 1939, he inherited a similar interest. Later he obtained the services of Ben Lucas in an attempt to have the remaining interest conveyed to him, but Lucas was unable to get the parties to sign the deed.

It seems an inevitable conclusion from the evidence that Frank Triplett was permitted to occupy this property only because of family tolerance and good relationship, first by the permission of his father and, after the deed of 1916, by the acquiescence of the other children.

In White v. Smith, Ky., 265 S.W.2d 937, it was held that where one enters upon land by the owner's permission expecting that the owner will give it to him, then such possession is not a hostile holding. Similarly, it was held in Mills' Adm'x v. Mills, Ky., 265 S.W.2d 458, that where a son occupied property by permission of parents and not under claim of title, he could not maintain claim of title based on adverse possession.

We think the record is devoid of any proof that Frank Triplett ever apprised the true owners that he was no longer occupying the house under permissive use and intended to hold it adversely to them.

Judgment affirmed.