Taw RAMEY, Appellant,

v.

Della RAMEY, Widow, et al., Appellees.

Court of Appeals of Kentucky.

Jan. 19, 1962.

Charles E. Lowe, Pikeville, for appellant.

Sanders & Redwine, Fred B. Redwine, Pikeville, Holbert Clay Johnson (Guardian Ad Litem), Pikeville, for appellees.

CLAY, Commissioner.

This partition suit developed into a trial of title. The circuit court found appellees were fee-simple owners of a tract of land by virtue of a parol gift coupled with adverse possession.

Diedma Smith originally owned this property and she had five children. In 1930 one of them, Freeland, moved onto the land with his family and they lived with his mother until her death in 1937. Freeland fenced and cultivated the property, and after her death continued to reside there until he died in 1956.

Appellant, another of Diedma's children, bought up the interests of three of his brothers and sisters and in this suit sought to partition the land between himself and the widow and children of Freeland. This latter group claims fee-simple title to the property on the ground that in 1930 (or sometime thereafter) Diedma made a parol gift of this land to Freeland and his wife, and they had ever since adversely possessed it.

There is a generally recognized rule that where one enters the land of another under an unconditional parol gift and actually possesses it with a claim of ownership for 15 years, such possession will ripen into title. Commonwealth v. Gibson, 85 Ky. 666, 4 S.W. 453; Thompson v. Thompson, 93 Ky. 435, 20 S.W. 373; Creech v. Abner, 106 Ky. 239, 50 S.W. 58; Murphy v. Newingham, 151 Ky. 360, 151 S.W. 930; White v. Smith, Ky., 265 S.W.2d 937. The subject is extensively annotated in 43 A.L.R.2d 6.

It is evident from a reading of this line of cases that the parol gift in itself creates nothing. It is questionable whether it constitutes color of title. 2 C.J.S. Adverse Possession § 66, page 584; and cases cited in 43 A.L.R.2d 6, 15. Clearly title cannot be transferred by parol. Thomas v. Western Assur. Co., 271 Ky. 613, 112 S.W.2d 1028. The significance of the parol gift seems to be simply that it constitutes sufficient *notice to the donor* that the occupant's possession is adverse. See Thompson v. Thompson, 93 Ky. 435, 20 S.W. 373; and Tippenhauer v. Tippenhauer, 158 Ky. 639, 166 S.W. 225. (Proof of a parol gift may have some materiality in establishing the extent and limits of the donee's possession. See Nelson v. Johnson, 189 Ky. 815, 226 S.W. 94.)

In all the cases hereinbefore cited the problem was whether the 15 years' possession was hostile and adverse to the donor. The present case presents an entirely dif-

ferent picture because the donor died before the 15 year period had expired. While there was the scantiest evidence to support it, we will accept the finding of the trial judge that at some time after 1930 the mother Diedma made a parol gift of this property to her son Freeland. (An *expectation* of a gift of land does not convert a permissive occupancy into a hostile holding. Triplett v. Chadwick, Ky., 311 S.W.2d 554.) We will assume that his occupancy of the land was adverse until her death in 1937. At that time Freeland had not acquired fee-simple title by adverse possession or otherwise, and such title descended jointly to all of her five children (including Freeland).

■ Freeland's occupancy after his mother's death was not hostile to the ownership interests. He was a tenant in common with his brothers and sisters. As such he had a right to occupy the land, and his possession was amicable, not adverse. Cary-Glendon Coal Co. v. Warren, 303 Ky. 846, 198 S.W.2d 499. His cotenants had no cause of action to eject him, which is a significant factor in determining whether or not the possession is adverse. Ballard v. Moss, Ky., 268 S.W.2d 35. There was nothing openly or apparently antagonistic about this possession. Under such circumstances he could only have made it adverse by giving notice to his cotenants that he was claiming a fee-simple title to the property. See Whitaker v. Langdon, 302 Ky. 666, 195 S.W.2d 285. As said in George T. Stagg Co. v. Frankfort Modes Glass Works, 175 Ky. 330, 194 S.W. 333, 336:

"The doctrine permitting the acquisition of title by adverse possession is based and founded upon the principle of acquiescence on the part of the true owner in the supposed adverse possession. There is no rule of law or equity, or logic more firmly settled than the one requiring a knowledge of the facts acquiesced in by the one sought to be affected thereby, before he can be charged with the consequences of acquiescence. This knowledge may be either actual or presumed, but if not actual, the circumstances must be such as to make it clear that the one upon whom notice is sought to be fastened must, in the very nature of things, have known the facts."

There is no evidence Freeland's brothers and sisters had knowledge of the alleged parol gift or that he was claiming the land as his own. Since his possession after his mother's death was that of a joint owner or tenant in common, it was presumptively that of all of the co-owners, and to acquire title against them he must have brought home to his cotenants notice that he was holding and claiming adversely to them. See Wilcox v. Sams, 213 Ky. 696, 281 S.W. 832, and cases cited therein.

There are three Kentucky cases which seem to stand for the proposition that once adverse possession has begun after a parol gift it continues against those who subsequently take title by will or descent within the 15 year period. These cases are Patterson v. Hansel, 4 Bush 654; Ray v. Thurman, 13 Ky.Law Rep. 3, 15 S.W. 1116; Delano v. Air, 157 Ky. 369, 163 S.W. 216. All of them involved a question of disability and the construction of a statute. None of them considered the question of notice necessary to constitute the holding adverse, which we deem to be of controlling importance.

A case squarely in point is Elmer v. Holmes, 189 Miss. 785, 199 So. 84, where it was held that after the death of the donor (before the statutory period had expired) it was necessary that the donee reassert her antagonistic claim against her cotenants.

Appellees who claim through Freeland failed to establish *adverse* possession for a period of 15 years, which is required whether or not there is a parol gift, and therefore Freeland never acquired title by virtue of his occupancy.

The judgment is reversed for consistent proceedings.