**Tinch KEVIL et al., Appellants,**

v.

**Willie Lee Kevil CASEY et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 16, 1970.

J. Gordon Lisanby, Princeton, for appellants.

Edward H. Johnstone, Johnstone & Eldred, Princeton, E. Gaines Davis, Jr., Smith, Reed, Yessin & Davis, Frankfort, for Willie Lee Kevil Casey and Tommy Casey.

James E. Story, Eddyville, for Clyde McKinney and Frieda McKinney.

CLAY, Commissioner.

Appellants brought this suit to quiet title to a 40-acre tract of land in Lyon County. The sole basis of their claim is adverse possession. On a motion for judgment on the pleadings, the 'Chancellor adjudged title in appellee Willie Lee Kevil Casey, who claimed under a deed executed by her grandfather. It is appellants' contention that the issue of adverse possession

could not be decided on the pleadings, and we agree.

The complaint alleges in unequivocal language (in paragraph 8) that appellants have been in the "actual, peaceable, exclusive, open, notorious, visible, hostile, continuous and uninterrupted adverse possession" of the property for approximately 50 years. The complaint also alleges in substance that the adverse possession began in 1915 or 1916 when the owner made a parol gift of the land to appellants. The nature of this gift was that if appellants would take care of the owner and his wife during their lifetimes, they "would give the land to appellants". It was also alleged that the parol gift "agreement" was known to all the members of the family, as was the fact that appellants had taken possession of the property as their own.

 It was apparently the view of the Chancellor that appellants could not claim adverse possession by reason of the alleged parol gift "agreement" because it was conditional and executory. There is a well recognized rule that if one enters the land of another under an *absolute and unconditional* parol gift and actually possesses it with a claim of ownership for 15 years, his possession will ripen into title. Owsley v. Owsley, 117 Ky. 47, 77 S.W. 397 (1903); Ramey v. Ramey, Ky., 353 S.W.2d 191 (1962), and cases cited therein; Harrelson v. Reaves, 219 S.C. 394, 65 S.E.2d 478, 43 A.L.R.2d 1. The allegation in the complaint, taken literally, would seem to indicate a gift contingent on conditions which could not be performed until the death of both the owner and his wife. (The owner died in 1937 and his wife died in 1950.) However, we are of the opinion appellants, under this pleading, could properly prove that the gift was effective immediately even though their performance was to extend into the future.

Even if the parol gift agreement did not form the basis of adverse possession against the original owner, if it can be proved it might have some bearing on the *hostility* of appellants' possession in view of their allegation that members of the family had knowledge of the agreement and knowledge of appellants' claim of ownership over a great many years. Under the pleadings appellants would have the right to prove that after the death of the original owner's widow in 1950, the possession was adverse for the following period of 15 years or more. We do not intimate that the complaint establishes the claim. However, it asserts adverse possession for a period of 50 years or more. Since this allegation is denied by answer, we do not see how the issue can be determined solely on the pleadings. See Archer v. Citizens Fidelity Bank & Trust Company, Ky., 365 S.W.2d 727 (1963).

The judgment is reversed.

All concur.