John CHRISTIAN and Johnny Pace, Appellants,

v.

Jerry Sue JOHNSON and Donald Johnson, V. T. C. Lines, Incorporated, and Billy G. Williams, Sheriff of Harlan County, Kentucky, Appellees.

Court of Appeals of Kentucky.

July 1, 1977.

Discretionary Review Denied Oct. 24, 1977.

G. E. Reams, Harlan, for appellants.

James S. Greene, Jr., Harlan, for appellees Jerry Sue Johnson and Donald Johnson.

Wix Unthank, Harlan, for appellee V. T. C. Lines, Inc.

No counsel of record, for appellee Billy G. Williams, Sheriff.

Before COOPER, LESTER and WHITE, JJ.

LESTER, Judge.

This appeal involves the construction of a deed.

Some years prior to April 9, 1975, V.T.C. Lines, Inc., a Kentucky corporation, acquired as grantor two parcels of real property. On the aforesaid date, appellees, Jerry Sue Johnson and Donald Johnson, recovered a verdict against V.T.C. Lines in the amount of $62,180.00 in Civil Action No. 1321 upon the docket of the Harlan Circuit Court. That judgment was appealed to this court where it is now pending. On the day prior to the rendering of the judgment in No. 1321, namely, April 8, 1975, appellant, John Christian, accepted a deed for the two tracts which contained the following language:

THIS DEED OF CONVEYANCE, made and entered into this 8th day of April, 1975, between LOGAN MIDDLETON, President of the V.T.C. Lines Incorporated, Harlan, Harlan County, Kentucky, party of the first part, and JOHN CHRISTIAN, Evarts, Harlan County, Kentucky, party of the second part.

The signatory portion of the document in its entirety appears thusly:

/s/ Logan Middleton
Logan Middleton, President
V.T.C. Lines, Incorporated

The only other reference to the corporate entity is contained in the attestation clause:

Subscribed, sworn to and acknowledged before me by Logan Middleton, President, V.T.C. Lines Incorporated, to be his own free act and deed, and the act and deed of said corporation on this the 8th day of April, 1975.

/s/ Mary Alice Hutbank
Notary Public

My Commission Expires: 2/27/79

The deed was recorded June 20, 1975.

On June 12, 1975, John Christian and his wife conveyed an undivided one-half interest in the realty to appellant, Johnny Pace, and this deed was also recorded on June 20, 1975. In the source of title portion of this last mentioned deed, we note the following language:

". . . and being the same land conveyed to the first parties by Logan Middleton by deed bearing date of April 8, 1975, . . . ."

On October 20, 1976, appellees herein, Jerry Sue Johnson and Donald Johnson, caused executions to issue in case No. 1321 on the subject real estate and the sheriff levied on the same day. John Christian requested permission of the trial court to intervene in that action but was denied which resulted in the present litigation by Christian and Pace against the Johnsons, the Sheriff and V.T.C. Lines, Incorporated wherein the court below was requested to discharge the issuance and levy of the executions, enjoin the sheriff from selling the land, quiet title against all claims of the Johnsons and discharge the lis pendens. The Johnsons filed answer and by way of counterclaim, asked a determination that the deed from Middleton to Christian did not convey any interest of V.T.C. Lines and that their executions be declared a lien upon the land. Upon motions of all parties for judgment on the pleadings, the Harlan Circuit Court dismissed the complaint and upon the counterclaim found that the April 8, 1975, deed did not in fact convey any interest of V.T.C. Lines and that the executions levied in Civil Action No. 1321 created a valid lien upon the described real estate and ordered the sheriff to proceed with the sale. From that order (Civil Action No. 4257), this appeal is prosecuted.

There are no issues of fraud involved.

■ Conveyances by a corporation are in all essential matters the same as those made by a private grantor. Regardless of the form of the signature, the body must show that it is the act of the corporation. *This done*, it is sufficient if it is signed by the proper officer or officers, with or without the name of the office held by the signer. However, it is customary for corporate deeds to be signed in the name of the corporation, written, printed, or typed, by one or more officers, per their personal

signatures. III *American Law of Property* § 12.76 at 344 (1952). A corporate deed must show execution in the corporate name per one or more officers or signatures of the officers along with appropriate *recitals in the instrument that it is being executed by them on behalf of the corporation*: not execution by its stockholders, directors, *nor even by its officers as grantors*. The corporate name may be abbreviated so long as certainty of identity is preserved. IV *American Law of Property* § 18.48 at 737 (1952). In order to pass the title of the corporation, the conveyance must appear to be the act of the corporation, 19 C.J.S. *Corporations* § 1099 at 658 (1940). The name and seal of its agent standing alone will not suffice. 19 Am.Jur.2d *Corporations* § 1258 at 666 (1965). This jurisdiction subscribes to the foregoing principles for it was held in *Whitaker v. Langdon*, 302 Ky. 666, 195 S.W.2d 285 (1946) that "(i)t is fundamentally necessary that a conveyance shall use the specific names of its grantors in the body of the instrument in order to pass valid title out of such grantors." We perceive no distinction between individual persons as grantors or corporate grantors.

■ From the exhibits contained in the record, two facts cannot be disputed, namely, that the title to the land was held by the corporate entity, V.T.C. Lines, and the deed of April 8, 1975, did not contain the name of V.T.C. Lines as a grantor. The words appearing after Logan Middleton's name "President of the V.T.C. Lines, Incorporated" do not make the company a grantor. They do nothing more than identify Mr. Middleton. Moreover, we do not believe that the attestation clause saves appellants' cause for the only effect of such a certificate is to enable the deed to be recorded. *United States Trust Company v. Frakes*, 282 Ky. 683, 139 S.W.2d 759 (1940).

Appellants urge that a conveyance by an individual in his own name may be upheld as his conveyance and may be effective to convey the corporate property if he is placed in a position by the corporation where he can dispose of its property. We reject this contention since there is nothing in the record to indicate what Logan Middleton's powers were within and with relation to the corporation and, furthermore, the argument is contrary to the law of this Commonwealth.

For the reasons stated herein, the judgment of the Harlan Circuit Court is affirmed.

All concur.