Edwin B. Worthen & another, executors, *vs.* Ethel M. Burgess & another.

Middlesex.    November 12, 13, 1930. — December 1, 1930.

Present: Rugg, C.J., Pierce, Carroll, & Field, JJ.

*Assignment,* Construction, Validity.  *Evidence,* Competency, Declaration of deceased person, Ledger.  *Words,* "Now."

A woman, the beneficiary of a policy of insurance upon the life of her husband, assigned her interest in the policy "as protection" to the assignee for money "now or hereafter loaned" by him to the husband or to a certain trust of which the husband was trustee.  Three years later, after the assignee had lent money to the trust or to the husband, a new policy of life insurance was issued to replace the first policy; and the woman immediately made an assignment of her interest thereunder to the assignee in the same terms as before, the second assignment also providing that, if the proceeds of the policy exceeded the indebtedness to the assignee, the surplus should be paid to her. The assignee then was under conservatorship.  He did not lend any money to the trust or to the husband at the time of the second assignment or thereafter.  The husband died a few months later, while the second policy was in force.  In a suit in equity by the assignee to obtain the proceeds of the policy, which were less than the amount of the indebtedness to him, it was *held,* that

(1) In the circumstances, the words "now or hereafter loaned" in the second assignment did not mean that it was given to protect the assignee merely against loans made by him at the time it was executed or thereafter: those words meant that that assignment was given for protection of loans then existing or thereafter to be made;

(2) There was no merit in a contention that the second assignment was void;

(3) Declarations by the husband, made in good faith before the commencement of the suit and constituting an admission of indebtedness of him or of the trust to the plaintiff, were admissible;

(4) The ledger of the trust, which had been kept by the husband or under his direction and which contained entries showing an indebtedness of the trust to the plaintiff, properly was admitted;

(5) A decree in the plaintiff's favor was proper.

Bill in equity, filed in the Superior Court on October 17, 1928, by Edwin B. Worthen and Amos L. Taylor as conservators of the estate of Franklin P. Simonds, seeking the establishment of a debt of William H. Burgess to said

Simonds in a sum in excess of $11,000; to have the defendant John Hancock Mutual Life Insurance Company ordered to pay to the plaintiffs the amount of the policy of insurance issued on July 28, 1928, on the life of said Burgess; and to have the defendant Ethel M. Burgess ordered to do such acts and execute such instruments as might be necessary to that end.

In December, 1928, Simonds, the conservators having been discharged, was admitted as plaintiff. The suit was heard by *Greenhalge, J.*, a stenographer having been appointed under G. L. c. 214, § 24; Equity Rule 29 (1926). Material facts found by the judge are stated in the opinion. By his order a final decree was entered ordering the defendant insurance company to pay the plaintiff $11,000, and ordering the defendant Burgess to execute certain instruments. The defendant Burgess appealed. Thereafter, on the death of the plaintiff, the executors under his will were admitted as plaintiffs.

*M. M. Horblit*, (*B. Goldman* with him,) for the defendant Burgess.

*E. C. Parks*, for the plaintiffs.

CARROLL, J. The John Hancock Mutual Life Insurance Company issued a policy of insurance on the life of William H. Burgess in the sum of $20,000, payable to Ethel M. Burgess, his wife. On May 26, 1925, she assigned her interest in the proceeds of the policy to Franklin P. Simonds by whose executors this suit is prosecuted. The assignment recited so far as here material that it "is made as protection to said Franklin P. Simonds against any loss of money in the Lexington Building Trust — now or hereafter loaned — either to said Lexington Building Trust or to the said William H. Burgess by the said Franklin P. Simonds." On July 28, 1928, a few days before the expiration of the policy, it having been issued for the term of ten years, a new policy for $11,000, and two other policies were issued, aggregating $20,000. On July 30, 1928, an assignment of the $11,000 policy was made to Simonds by Mrs. Burgess "as protection to said Franklin P. Simonds against any loss of money in the Lexington Build-

ing Trust — now or hereafter loaned " to the trust or to Burgess by Simonds. No money was lent either to Burgess or to the trust company by Simonds on the day of the assignment of July 30, 1928, or thereafter. In the Superior Court a decree was entered for the plaintiff. The case is in this court on the appeal of the defendant Burgess, who will hereafter be referred to as the defendant.

The main contention of the defendant rests on the construction of the words " now or hereafter loaned." She contends that the word " now " means the time when the assignment was executed; that it did not protect the assignee for past loans and as no loan was then or thereafter made the plaintiff cannot recover.

The word " now " generally implies the present time. But it does not in all circumstances necessarily mean the present. Its true meaning and the sense in which it was used are to be determined by the context. When the assignment was made Burgess or the building trust was indebted to Simonds for more than $11,000. Simonds was then under conservatorship, conservators having been appointed on July 6, 1928, and subsequently discharged in July, 1929. There is nothing to show that a present loan was in the minds of the parties. In the assignment of 1925 the same words " now or hereafter loaned " were used. Considering all the circumstances, the defendant did not execute the assignment intending that Simonds, whose property was then under the care and management of conservators, would then lend money either to the building trust or to Burgess. The assignment was given as a protection " against any loss of money " in the form of a loan then existing or which might thereafter be made. See in this connection *Sawyer* v. *Stilson,* 146 Iowa, 707.; *Greene County* v. *City Bank of Jefferson,* 196 Iowa, 1164, 1167.

The defendant also argues that no loss has been shown to have been sustained by Simonds. The judge who heard the evidence found that there was an indebtedness " still existing to the amount stated in the face of the policy," and the debt was established " within the terms of the assignment." There is nothing in the reported evidence

showing that this finding is wrong. We have examined the cases cited by the defendant and we see no reason why the findings of the judge should be reversed.

The defendant contends that the assignment was void. The first assignment was executed before conservators were appointed, the second assignment was given to protect the estate of Simonds for the money lent. It was the duty of the conservators to protect the estate of the ward and save it from loss, and to obtain security for the debt was in every way proper. The fact that the assignment provided that if the proceeds of the policy exceeded the indebtedness the surplus was to be paid to the assignor did not make the assignment void; the insurance money was in fact less than the indebtedness.

Certain evidence of declarations made by Burgess, a deceased person, was objected to by the defendant. Burgess died in September, 1928. No question was made as to the good faith of the declarant; the declarations were made before the commencement of the suit. They were admissible if material to the issue and we think they were material: they were admissions by Burgess of an indebtedness of himself and the building trust to Simonds.

Burgess when he ceased to be a trustee of the building trust turned over the books of the trust including the ledger to Mr. Tyler, his successor. The items in the ledger relating to the Simonds transaction were brought to the attention of Tyler by Burgess. The ledger was admitted against the defendant's exception. The notes given to Simonds were already in evidence. Many of these notes were signed " William H. Burgess Trustee of the Lexington Building Trust." The entries in the ledger were in the handwriting of Burgess or were made under his direction. They purported to show the indebtedness to Simonds of the building trust. This indebtedness was an issue in the case. The ledger kept by Burgess or under his direction was admissible to show its amount. See G. L. c. 233, § 78.

The decree was right; it is affirmed with costs.

*Ordered accordingly.*