JENNIE ANGEL, Appellant, *v.* CHASE NATIONAL BANK OF THE CITY OF NEW YORK, Respondent.

Argued October 25, 1938; decided December 6, 1938.

*Franklyn M. Stone* for appellant. Defendant's evidence did not establish conclusively that the policies were pledged to secure Angel's liability under the guaranty as well as the personal loan. (*Wyckoff* v. *Anthony*, 90 N. Y. 442; *Hanover Nat. Bank* v. *Suddath*, 215 U. S. 110; *Learned* v. *Tillotson*, 97 N. Y. 1; *Viele* v. *McLean*, 200 N. Y. 260; *Leach & Co.* v. *Pierson*, 275 U. S. 120; *Talcott* v. *Harris*, 93 N. Y. 567; *Alexopoulos Freres, Inc.,* v. *Nemours Trading Corp.,* 205 App. Div. 39; *Collier* v. *Miller*, 137 N. Y. 332; *Wills* v. *Investors Bankstocks Corp.,* 257 N. Y. 451; *Byrne* v. *Barrett*, 268 N. Y. 199; *Morris* v. *Norton*, 75 Fed. Rep. 912; *Ga Nun* v. *Palmer*, 216 N. Y. 603; *Hirsch* v. *Jones*, 191 N. Y. 195; *Tousey* v. *Hastings*, 194 N. Y. 79; *First Nat. Bank* v. *Dana*, 79 N. Y. 108.)

*George L. Trumbull* and *Randolph H. Guthrie* for respondent. The insurance policies were pledged under Angel's general loan and collateral agreement, dated May 4, 1934, and his note, dated July 30, 1934, as security for his liability on his guaranty of the obligations of

Cantor & Angel, Inc. Both agreement and the note, by their express terms, include the insurance policies in the security held by defendant for Angel's liability on his guaranty. (*First Nat. Bank* v. *Exchange Nat. Bank*, 153 N. Y. Supp. 818; 179 App. Div. 22; 226 N. Y. 633; *Chase Nat. Bank* v. *Hendrickson*, 89 Fed. Rep. [2d] 997; 302 U. S. 689.)

O'BRIEN, J. In March, 1923, Maurice Cantor and George Angel, deceased husband of plaintiff, executed an instrument, described as a continuing guaranty, by which each of them, jointly and severally, guaranteed to the Equitable Trust Company, predecessor of defendant Chase National Bank, full and prompt payment of all sums of money then owing or that might thereafter be owing by Cantor & Angel, Inc., to the trust company.

July 30, 1931, George Angel executed a note payable to defendant bank October 19, 1931, for $41,598.60. September 28, 1931, defendant bank acknowledged the receipt of two policies issued to George Angel by the New York Life Insurance Company aggregating $50,000, and one policy issued to him by the Equitable Life Assurance Society for $50,000, " as additional collateral to your loan." On October 16, 1931, the bank again referred to the assignments of the policies as " recently pledged as additional collateral to your loan." The assignments of these policies had been executed by George Angel and Jennie Angel, his wife, this plaintiff, October 3, 1931, to the bank.

March 1, 1932, Cantor & Angel, Inc., executed a note for $150,000 payable on demand to the Chase National Bank and on February 8, 1933, the same corporation executed another demand note for $11,595 to the same payee. This second note is an elaborate document occupying seven printed pages of the record and recites the fact that Cantor & Angel, Inc., had deposited with the bank certain security for the payment of " this note and of *all other liabilities* of the undersigned [Cantor &

Angel, Inc.]." The terms " Liabilities " and " Security " are defined in that instrument. May 4, 1934, George Angel, individually, executed a document described therein as " General Loan and Collateral Agreement " which recites: " In order to obtain loans from and otherwise deal with the Chase National Bank of the City of New York (hereinafter called ' the Bank '), whether acting in its own behalf and/or in behalf of others, it is hereby agreed by the undersigned that the Bank shall have the rights hereinafter set forth in addition to those created by the circumstances associated with the incurrence of any ' Liabilities ' as hereinafter defined." These are the respective definitions: " The term ' Liabilities ' as herein used shall include * * * any and *all* * * * *obligations and liabilities of any kind of the undersigned* * * * now or hereafter existing, or heretofore or hereafter acquired from another by the Bank * * * whether absolute *or contingent,* secured or unsecured, due or not due, direct or indirect * * * and whether heretofore or hereafter incurred or given by the undersigned as security or otherwise." " The term ' Security ' as herein used shall include * * * all * * * choses in action, claims, demands * * * and *any other* property, rights and interests of the undersigned, or any evidence thereof, *which have been* or at any time *shall be delivered to the Bank* * * * *for any purpose."*

July 30, 1934, George Angel, individually, made a note for $28,943.20 payable in three months to the Chase National Bank. This note contains a recitation that the maker, George Angel, had deposited with the bank *as security* for the payment of this note " and of *all other liabilities of the undersigned* " certain shares of named stocks and certain named bonds as well as the following: " $25,000. New York Life Insurance Company policy; $25,000. New York Life Insurance Company policy; $50,000. Equitable Life Assurance Company policy." The terms " Liabilities " and " Security " are defined in

this note of July 30, 1934, in the same language as employed in the general loan and collateral agreement of May 4, 1934. The liabilities to be secured by these stocks, bonds and insurance policies are all obligations and liabilities of any kind of the undersigned, present or future, absolute or contingent. The note provides that the *security pledged is for the payment of the note and all such liabilities as therein defined.*

George Angel died in December, 1934; the bank collected the sum of $101,782.88 on the policies and has refused to pay any part to plaintiff. The theory of the complaint is that defendant's duty is to apply to the payment of the $28,943.20 note of July 30, 1934, the collateral other than the proceeds of the insurance policies and after such application to "pay to plaintiff the difference between said sum of $101,782.88 collected by defendant on said life insurance policies and the amount remaining due upon said note dated July 30, 1934, or, in the alternative, that defendant deliver to plaintiff all the stocks and bonds held by defendant to secure said note of July 30, 1934, and pay to plaintiff the difference between the amount remaining due on said note and said sum of $101,782.88." Judgment is demanded for the sum of $101,782.88.

The assigned policies had been delivered to the bank in October, 1931, and the note of July 30, 1934, recites that there had been deposited with the bank, as security for the payment of the note *and all other liabilities,* not only the bonds and shares of stock enumerated in the note but also *specifically describes these three policies.* The Appellate Division is quite correct in holding, as matter of law, that the policies were pledged not only to secure this particular note but also every obligation of George Angel, present or future, absolute or contingent. The language of the July 30, 1934, note and that of the general loan and collateral agreement is not susceptible of any other inference. The Appellate Division in its

opinion provides that the judgment is without prejudice to plaintiff's right to possess the other collateral in the event that the proceeds of the policies discharge George Angel's obligations to the bank. In this respect also we agree. There is some surplus and in affirming this judgment we do so without prejudice to any action which plaintiff may take to secure her right to that surplus.

The judgment should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, LOUGHRAN and RIPPEY, JJ., concur; HUBBS and FINCH, JJ., taking no part.

Judgment affirmed.