William L. ARCHER et al., Appellants,

v.

CITIZENS FIDELITY BANK & TRUST COMPANY, Appellee.

Court of Appeals of Kentucky.

Nov. 23, 1962.

As Modified on Denial of Rehearing
March 22, 1963.

Wilbur Fields, Louisville, for appellants.

Thomas W. Bullitt, M. Brooks Senn, Bullitt, Dawson & Tarrant, Louisville, for appellee.

MONTGOMERY, Judge.

William L. and Alberta R. Archer appeal from a judgment by which the Citizens Fidelity Bank & Trust Company recovered the aggregate amount of five notes, $4,775, plus interest. Appellee was adjudged a lien on five insurance policies to secure payment of the amount adjudged. Appellee recovered a personal judgment against Alberta R. Archer on three of the notes totaling $4,500. Appellants argue that: (1) Appellee was not the legal owner or holder of the notes; and (2) enforcement of the lien was barred by Archer's discharge in bankruptcy.

William L. Archer brought this action against appellee to recover possession of five policies of insurance issued by the Prudential Life Insurance Company. Appellee answered that it held the policies under an assignment to secure the payment of appellants' notes. By counterclaim against Archer and by cross-claim against Alberta R. Archer, his wife, it asserted its lien and sought the judgment obtained. By appropriate pleadings, appellants denied the right to assert the lien.

The case was decided on appellants' motion for a judgment on the pleadings under CR 12.03. No further motions or pleadings were filed before judgment. Apparently the matter was treated as though each party had made a motion under CR 12.03. For a similar result under CR 56, see Collins v. Duff, Ky., 283 S.W.2d 179. See also Burd v. Commonwealth, Ky., 335 S.W.2d 945, where motion for summary judgment was treated as motion under CR 12.03.

CR 12.03 is the Kentucky counterpart of F.R.Civ.P. rule 12(c). Each has been construed as meaning that a judgment on the pleadings can be granted only if, on the admitted material facts, the movant is clearly entitled to a judgment. Spencer v. Woods, Ky., 282 S.W.2d 851; 2 Moore's Federal Practice, Second Edition, Section 12.15, page 2269, and cases cited therein. Relief must be denied if there is a material issue of fact. Noel v. Olds, 80 U.S.App. D.C. 63, 149 F.2d 13; Friedman v. Washburn Company, 7 Cir., 145 F.2d 715. Such motion is to be determined solely on the pleadings and is equivalent to a demurrer to the pleading. Deming v. Turner, D.C., 63 F.Supp. 220. When a party moves for judgment on the pleadings, he admits for the purposes of his motion not only the truth of all of his adversary's well-pleaded allegations of fact and fair inferences therefrom, but also the untruth of all of his own allegations which have been denied by his adversary. Clay, CR 12.03, Comment 2; United States v. Hole, D.C., 38 F.Supp. 600; M. Snower & Co. v. United States, 7 Cir., 140 F.2d 367. The question thus presented is one of law and requires an examination of the pleadings.

Appellee pleaded that the Archers executed and delivered the various notes to Citizens Fidelity, previously identified in the pleading as Citizens Fidelity Bank & Trust Company; that "all of said notes are due and payable * * * and there is due and payable to Citizens Fidelity on account thereof" the various amounts of the five notes plus interest; that by reason of the assignment of the insurance policies the payment thereof to Citizens Fidelity was secured by the surrender value of the policies; and that Citizens Fidelity had an interest in and a lien upon the policies and their surrender value to secure said payments.

Appellee also alleged that a claim on the notes had been filed in Archer's bankruptcy proceeding; that the policies sued on by order entered therein had been designated as exempted property by virtue of KRS 304.691 and 304.692; and that the discharge in bankruptcy excepted the indebtedness due appellee.

By subsequent pleadings, appellants raised questions of law as to the right to the lien and the effect of the discharge in bankruptcy, but they did not deny the allegation of any material fact. Appellants' denial of the paragraph in appellee's pleading in which it asserted as a conclusion that it had an interest in and lien upon the policies was a denial of a conclusion instead of a fact and was ineffective for the purpose of the motion.

The basis for appellants' denial of appellee's ownership of the notes is that the first note of $3,100 was made payable to the Citizens Fidelity Bank—St. Matthews. The four subsequent notes were payable to appellee. Appellee's allegations of owning, holding, and having an interest in the notes, including the $3,100 note without endorsement, are sufficient to sustain the judgment entered adjudging such ownership. KRS 356.049. Callahan v. Louisville Dry Goods Co., 140 Ky. 712, 131 S.W. 995; Bobrecker v. Denebeim, D.C., 25 F.Supp. 208; Barron & Holtzoff, Federal Practice & Procedure, Volume 1A, Section 271, pages 127–128.

Further, the admitted facts alleged by appellee establish its right, as owner and holder of the notes, to have a lien on the surrender value of the policies to secure their payment. Mercer National Bank of Harrodsburg v. White's Ex'r, 236 Ky. 128,

32 S.W.2d 734, 20 Am.B.R. (N.S.) 646. The language of the insurance policy assignments provided that the collateral security should secure liabilities "either now existing or that may hereafter rise." It appears to have been intended by all parties to cover the existing and future indebtedness incurred. Four notes were executed and interest was paid on all of the notes to appellee after the assignments. 45 C.J.S. Insurance § 438, pages 63–64; National Bank of Kentucky v. Gallagher, 243 Ky. 740, 49 S.W.2d 1006; Johnson v. Johnson, 297 Ky. 268, 178 S.W.2d 983. See also Worthen v. Burgess, 273 Mass. 437, 173 N.E. 530; Angel v. Chase National Bank, 279 N.Y. 250, 18 N.E.2d 145; and Shay v. Merchants Banking Trust Company, 335 Pa. 101, 6 A.2d 536. All of the notes were secured by the lien.

■ The allegations in appellee's pleading concerning the bankruptcy proceeding also must be accepted as admitted. CR 12.-03. Archer contends that the discharge in bankruptcy destroyed the lien. The effect of the discharge was to release his personal liability only, but it left intact the lien on the collateral which had been excepted as exempt property. Mercer National Bank of Harrodsburg v. White's Ex'r, 236 Ky. 128, 32 S.W.2d 734, 20 Am.B.R. (N.S.) 646; Pace v. Berry, 176 Ky. 61, 195 S.W. 131. See also Collier's Bankruptcy, 14th Edition, Volume 4, Section 70.23, pages 1178–79, and Volume 1, Section 17.29, page 1708; Lockwood v. Exchange Bank, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061; and Chicago B. & Q. R. Co. v. Hall, 229 U.S. 511, 33 S.Ct. 885, 57 L.Ed. 1306.

■ Thus, the examination of the pleadings shows that appellee alleged certain facts which were not denied by appellants, and therefore they stand admitted on consideration of the motion. When the law was applied to the undenied facts, appellee was entitled to the relief adjudged. The motion for judgment on the pleadings, though made by appellants, searched the record and judgment for appellee was properly entered. 71 C.J.S. Pleading § 427, page 870; City Bank Farmers Trust Company v. Hoey, D.C., 23 F.Supp. 831, affirmed 2 Cir., 101 F.2d 9; Noel v. Olds, 78 U.S.App.D.C. 155, 138 F.2d 581, and 80 U.S.App.D.C. 63, 149 F.2d 13.

There is no merit in appellants' argument concerning whether appellee could legally be a stockholder of another bank. This and related questions are not presented on the consideration of the pleadings.

The judgment is sustained by the admission of appropriate facts alleged in the pleadings.

Judgment affirmed.