R. K. SHEFFER and his wife, Wilma Jean Sheffer, d/b/a United States Barium Company, Appellants,

v.

CHROMALLOY MINING AND MINERAL DIVISION OF CHROMALLOY AMERICAN CORPORATION, Appellee.

Court of Appeals of Kentucky.

Jan. 12, 1979.

Rehearing Denied March 23, 1979.

William H. Cunningham, Eddyville, for appellants.

B. M. Westberry, Marion, for appellee.

Before WHITE, HOGGE and VANCE, JJ.

WHITE, Judge.

This appeal concerns the propriety of a Livingston Circuit Court judgment on the pleadings in favor of plaintiff-appellee in a mortgage foreclosure action. Appellants contend a sufficient defense was raised in their pleading, precluding the judgment rendered. We disagree and affirm the judgment of the Livingston Circuit Court.

On October 5, 1976, appellants executed and delivered to appellee a promissory note in the principal amount of $750,000, payable in monthly installments. The note was accompanied by mortgages of the same date covering appellants' interest in certain real estate, including rents, profits and improvements. A certain mining lease, as well as specified personal property, was also included in these mortgages, with appellee designated mortgagee. The purpose of the financing was to allow appellants to conduct barite and fluorspar mining operations in Livingston County, Kentucky.

The note contained an acceleration clause stating that the entire amount became due and payable in the event of default in the payment of any installment. Appellants failed to make payment on the August 1, 1977 installment. This action for foreclosure on the mortgages ensued.

■ Appellants contend the judgment on the pleadings was improper because the affirmative defense of want of consideration was properly raised, creating a sufficient defense or material issue. Where such de-

fense or issue exists, a judgment on the pleadings is not warranted.

*Archer v. Citizens Fidelity Bank & Trust Co.,* Ky., 365 S.W.2d 727, 729 (1963), discusses when a judgment on the pleadings under CR 12.03 is appropriate:

. . . [A] judgment on the pleadings can be granted only if, on the admitted material facts, the movant is clearly entitled to a judgment. [citations] Relief must be denied if there is a material issue of fact. [citations] Such motion is to be determined solely on the pleadings . . . When a party moves for judgment on the pleadings, he admits for the purposes of his motion not only the truth of all his adversary's well-pleaded allegations of fact and fair inferences therefrom, but also the untruth of all of his own allegations which have been denied by his adversary. [citations] The question thus presented is one of law and requires an examination of the pleadings.

With appropriate guidelines established, we turn our examination to the pleadings filed in this action, noting that plaintiff-appellee is the moving party under CR 12.03.

Appellants admit they failed to make the August 1, 1977, payment, but state:

. . . their failure to so pay was occasioned by the fact that the plaintiff negligently, carelessly and recklessly designed the mill site and supervised its construction in such a way that it could not produce the ore necessary for the fulfillment of the defendant's obligations under the various documents filed as exhibits with the complaint.

In addition, appellants counterclaimed for damages for breach of contract by appellee in its failure to construct a mill in accordance with contract standards and that such construction was part of the consideration. Appellants also sue for negligence in construction of the mill. There is no written agreement concerning construction of the mill site. The loan agreement states that "this Agreement replaces and supersedes all previous written or verbal agreements, express or implied . . . and . . .

contains the entire agreement between Chromalloy and U. S. Barium."

■ Ordinarily, evidence of a contemporaneous oral agreement is incompetent and not considered a valid defense if pled. *Buster v. Kindrick,* Ky., 240 S.W.2d 624 (1951). However, want of consideration is recognized by statute as an exception to the parol evidence rule. KRS 371.030 pertains to contracts generally and states: "The consideration of any writing . . . may be impeached or denied by pleading." KRS 355.3–408 concerns commercial paper and states: "[W]ant . . . of consideration is a defense as against any person not having the rights of a holder in due course." A holder in due course is one who takes for "value." KRS 355.3–302(1)(a). Where want or lack of consideration is alleged, the validity of status as a holder in due course is questioned and KRS 355.3–408 should apply.

■ Under the guidelines of *Archer, supra,* the moving party on a motion for a judgment on the pleadings admits for the purposes of the motion the truth or denials of the adversary's pleadings. Applying *Archer, supra,* to this fact situation, appellee as movant admits for the purpose of the motion appellants' defenses. If want of consideration were properly pled, then this defense raises a sufficient defense or material issue precluding a judgment on the pleadings. "The allegation of no consideration raises a triable defense." *Crider v. Franklin Bank & Trust Co.,* Ky., 481 S.W.2d 56 (1972).

■ Appellee argues, however, that the defense was not properly pled. We agree. Appellants' answer and counterclaim nowhere mentions "failure of consideration" as an affirmative defense. Rather, the pleadings recite negligent design of the mill site and breach of contract as reasons for failure to make the required mortgage payment. In oral argument, appellants' counsel urged this Court to conclude that failure

of consideration and material breach of contract are one and the same for purposes of pleading in this case. CR 8.03 requires that "a party . . . set forth affirmatively . . . failure of consideration . .." We take the rule to mean what it says. Even in light of CR 1, which anticipates a liberal construction of the rules, to conclude that appellants' pleading rises to the level of an affirmative defense envisioned by CR 8.03 is to alter CR 8.03 beyond recognition.

Appellants' pleadings simply do not assert any affirmative defense.

The judgment is affirmed.

All concur.