RENDERED:  JUNE 15, 2017
TO BE PUBLISHED

# Supreme Court of Kentucky

## 2016-SC-000321-DG

KENTUCKYONE HEALTH, INC.                                          APPELLANT

V.

ON REVIEW FROM COURT OF APPEALS
CASE NO. 2015-CA-000092-MR
JEFFERSON CIRCUIT COURT NO. 14-CI-000590

BENJAMIN REID, JR., M.D.                                              APPELLEE

**OPINION OF THE COURT BY JUSTICE VANMETER**

**<u>VACATING AND REMANDING</u>**

Under CR[1] 12.03, a judgment based on a motion for judgment on the pleadings is reserved for those cases in which the pleadings demonstrate that one party is conclusively entitled to judgment.  In this case, we must determine whether the Court of Appeals erred in reversing the Jefferson Circuit Court's judgment that KentuckyOne Health, Inc.[2] was entitled to a judgment on the pleadings with respect to Dr. Benjamin Reid's complaint alleging various claims arising from the Hospital's review of Reid's surgical privileges at the Hospital. Because we hold that the circuit court erred in granting the Hospital's motion

---

[1] Kentucky Rules of Civil Procedure.

[2] KentuckyOne Health, Inc., is a Kentucky corporation which operates a number of hospitals in Kentucky, including Jewish Hospital & St. Mary's Healthcare, Inc. in Jefferson County, hereinafter referred to as "Hospital."

for judgment on the pleadings and that the Court of Appeals erred as well in holding that the Hospital had taken a "professional review action" against Reid, we vacate both decisions and remand to the Jefferson Circuit Court for further proceedings.

## I.    Factual and Procedural Background.

Reid is a general surgeon licensed to practice medicine in the Commonwealth of Kentucky. He was a member of the medical staff at the Hospital for over forty years. The foregoing facts appear from complaint and answer in this matter. The following "facts" are gleaned from the parties' memoranda or briefs in support of their respective positions in this matter.

On February 4, 2013, Reid received a letter advising that all of his cases, starting January 31, 2013, and continuing through June 30, 2013, would be subject to a focus review. Reid claims that during an impromptu meeting on February 27, 2013, Dr. William James Monarch, Chair of the Hospital's Medical Executive Committee, informed him that the Committee had voted to cancel Reid's surgical and endoscopy privileges and that he could no longer perform any further surgical procedures unless he was accompanied by an actively practicing and board certified general surgeon or endoscopist. The same day, Reid's assistant received a phone call from the surgical nurse supervisor letting her know that Reid would not be permitted to perform a previously scheduled surgery the following day without the assistance of another surgeon. Reid was able to find another surgeon to accompany him during the February 28, 2013, surgery. The following week, Reid received a

2

formal letter from the Committee stating that in the interest of patient safety, the Committee was recommending "that a Board Certified Surgeon/Board Certified Gastroenterologist accompany you into [the] operating room for all future procedures." Reid did not perform any additional surgeries at the Hospital after February 2013.

On August 5, 2013, Reid received a second letter from the Committee informing him that the focus review had ended without any finding of quality concerns. Reid was granted a conditional reappointment to the medical staff for six months, which permitted him to practice at the hospital as long as he met certain conditions. Reid did not exercise his privileges during the six-month period and his medical staff membership expired on August 26, 2014. Reid took no further action to renew his membership and as a result, his privileges to practice at the Hospital have lapsed.

On January 31, 2014, Reid filed a complaint in the Jefferson Circuit Court against the Hospital seeking compensatory and punitive damages for breach of contract, intentional infliction of emotional distress, tortious interference with business and contractual relations, and slander. The Hospital answered generally, denying Reid's substantive counts and, six months later, filed a motion for judgment on the pleadings pursuant to CR 12.03.

Therein, the Hospital claimed entitlement to immunity under the Health Care Quality Improvement Act of 1986, 42 U.S.C.[3] §§ 11101 *et seq.* (the "Act"), because the Hospital's conduct with respect to Reid was related to its professional review activities. The Hospital further argued that, notwithstanding immunity, all of Reid's asserted claims failed as a matter of law. Following Reid's response and a hearing on the motion, the trial court entered an opinion and order granting the Hospital's motion and dismissing all of Reid's claims. Therein, the trial court noted,

> Here, it is clear from the facts that Reid has proffered that a mandate or recommendation that another surgeon observe his professional activities in the operating room constituted a professional review activity. He knew [the Hospital] had concerns about his competence. Reid did not permit [the Hospital] to conduct this review of his professional actions. [The Hospital] took no corrective, adverse action against him. Reid did not allege any facts in his Complaint or his response to [the Hospital's] motion that would evidence [the Hospital] acted outside the scope of its immunity. Accordingly, he has not rebutted the presumption that [the Hospital] is immune, and [the Hospital] is entitled to judgment on the pleadings.

Reid thereafter appealed to the Court of Appeals, arguing that the trial court had erred in concluding he could not overcome the rebuttable presumption that the Hospital was entitled to immunity. His reasoning was that professional review actions are afforded a rebuttable presumption of immunity only if certain conditions occur, including notice and hearing, and that the Hospital had not complied with these conditions.

---

[3] United States Code.

The Court of Appeals undertook a review of the Act and the distinction it makes between a health care entity's "professional review action" or "professional review activity." Ultimately, the court held that

> The [Committee's] recommendation effectively prevented Dr. Reid from performing surgery at the Hospital unless he could find another qualified surgeon willing and able to be present. We believe that restriction fit squarely within the [Act's] definitions of 'adversely affecting" and "clinical privileges." See 42 U.S.C. § 11151(1) and (3). As such, the Hospital's conduct constituted a professional review action rather than simply professional review activities as the trial court found.

Slip op. at 12 (footnote omitted). Consequently, the Court of Appeals vacated the trial court's order and remanded the case to that court for a determination as to whether the Hospital's actions were entitled to immunity under 42 U.S.C. § 11112(a). The Hospital moved this Court for discretionary review, which we granted.

## II.    Standard of Review.

CR 12.03 provides that any party to a lawsuit may move for a judgment on the pleadings. In *City of Pioneer Village v. Bullitt Cnty. ex rel. Bullitt Fiscal Court*, 104 S.W.3d 757 (Ky. 2003), we explained the function and application of this rule.

> The purpose of the rule is to expedite the termination of a controversy where the ultimate and controlling facts are not in dispute. It is designed to provide a method of disposing of cases where the allegations of the pleadings are admitted and only a question of law is to be decided. The procedure is not intended to delay the trial in any respect, but is to be determined before the trial begins. **The basis of the motion is to test the legal sufficiency of a claim or defense in view of all the adverse pleadings. When a party moves for a judgment on the pleadings, he admits for the purposes of his motion not only the truth of all his adversary's well-pleaded allegations of fact**

5

**and fair inferences therefrom, but also the untruth of all his own allegations which have been denied by his adversary.**
*Archer v. Citizens Fidelity Bank & Trust Co.*, Ky., 365 S.W.2d 727 (1963). The judgment should be granted if it appears beyond doubt that the nonmoving party cannot prove any set of facts that would entitle him/her to relief. *Cf Spencer v. Woods*, Ky., 282 S.W.2d 851 (1955).

104 S.W.3d at 759 (emphasis added).

### III.   Discussion and Analysis.

Notwithstanding the Jefferson Circuit Court's and Court of Appeals' insightful analysis of the provisions of the Act, specifically whether the Hospital's action constituted "professional review activities" or "professional review actions," we are constrained to vacate the Court of Appeals' opinion. We agree with the Court of Appeals that the trial court erred in issuing a judgment on the pleadings, but the Court of Appeals similarly erred in holding, based on the record before it and us, that the Hospital's actions constituted a "professional review action" within the meaning of 42 U.S.C. § 11151(9).

Under CR 8.01(1), a complaint merely needs to contain "(a) a short and plain statement of the claim showing that the pleader is entitled to relief and (b) a demand for judgment for the relief to which he deems himself entitled." This rule does not require a claim to be stated "with technical precision . . . as long as a complaint gives a defendant fair notice and identifies the claim." *Grand Aerie Fraternal Order of Eagles v. Carneyhan*, 169 S.W.3d 840, 844 (Ky. 2005) (citing *Cincinnati, Newport & Covington Transp. Co. v. Fischer*, 357 S.W.2d 870, 872 (Ky. 1962)). In this case, Reid's complaint, although couched in general and conclusory terms, complied with CR 8.01(1).

In response to Reid's complaint, the Hospital filed an answer generally in conformity with CR 8.02, in that it stated in "short and plain terms [its] defenses to each claim asserted and . . . admit[ted] or den[ied] the averments upon which the adverse party relie[d]."

Based on this complaint and answer, we fail to perceive that either party would have been entitled to judgment on the pleadings, within the formulation set out in *City of Pioneer Village*, for the simple reason that neither complaint or answer contain sufficient "well-pleaded allegations of fact" by which either could be gauged.[4] Once the parties undertook their motion practice before the trial court, they added detail which had been omitted from the pleadings: committee meeting dates, letters, conversations between Monarch and Reid, phone calls from a nurse supervisor, impracticality for Reid to procure the services of a proctor. Under CR 12.03, once "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided for in Rule 56."

Our further review of the record is that summary judgment at this very preliminary stage of the proceedings was inappropriate. The parties seem to

---

[4] Stating all the situations in which a motion for judgment on the pleadings might be proper would unduly lengthen this opinion. Suffice to note that such a judgment is properly reserved for those cases in which the only issue is one of law. *See, e.g., City of Pioneer Village*, 104 S.W.3d at 761 (holding "once a city annexes a road it is the responsibility of the city to maintain that road[]"); *Archer v. Citizens Fid. Bank & Trust Co.*, 365 S.W.2d 727, 729 (Ky. 1962) (pleadings demonstrated due execution and nonpayment of promissory notes); *Underwood v. Underwood*, 999 S.W.2d 716 (Ky. App. 1999) (complaint demonstrated that the claim was barred by time).

have a very real dispute as to the events leading up to and culminating in the conversation between Reid and Monarch on or about February 27, 2013. Thus, a factual dispute exists as to whether the Hospital's actions were merely "professional review activities" which would be entitled to immunity under the Act, or were "professional review actions." As a result, we agree with the Hospital's fallback position that the record is insufficient on the immunity, question under the Act, and that this case must be remanded to the Jefferson Circuit Court for the development of a more complete record.

## IV.   Conclusion.

We are not unmindful that this case involves events occurring in early 2013, and its procession through the Kentucky court system has resulted in no resolution. That said, any resolution at this point would, of necessity, involve a great deal of speculation on our part in order to resolve the presented factual dispute. We decline to do so, and therefore vacate and remand this matter to the Jefferson Circuit Court.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Katherine Ann Quesenberry
Bradley A. Case
Jeffrey Kaplan Jr.
DINSMORE & SHOHL LLP


COUNSEL FOR APPELLEE:

Larry B. Franklin
Kelly Jo Brownfield
Patrick John Smith
FRANKLIN LAW GROUP


COUNSEL FOR *AMICUS CURIAE*:

Wesley Reed Butler
Holly Iaccarino
BARNETT BENVENUTI & BUTLER PLLC