RENDERED: FEBRUARY 5, 2021; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0231-MR

SHIRLEY BELL                                                                    APPELLANT

|  | APPEAL FROM CALLOWAY CIRCUIT COURT |
|---|---|
| v. | HONORABLE JAMES T. JAMESON, JUDGE |
|  | ACTION NO. 18-CI-00258 |

NLB PROPERTIES, LLC AND FLCW                                    APPELLEES
LIMITED LIABILITY COMPANY

OPINION
AFFIRMING

** ** ** ** **

BEFORE: DIXON, KRAMER, AND LAMBERT, JUDGES.

KRAMER, JUDGE: Shirley Bell appeals from an order of the Calloway Circuit

Court dismissing her action against NLB Properties, LLC ("NLB") and FLCW

Limited Liability Company ("FLCW") under Kentucky's Motor Vehicle

Reparations Act ("MVRA"). We affirm.

On or about April 8, 2017, Bell drove her vehicle into an automatic

car wash owned by NLB and FLCW (at times referred to herein as "Appellees").

Another vehicle, operated by Ryan Devine, entered the wash bay behind Bell.[1]

According to Bell's complaint filed in Calloway Circuit Court, Bell contends that "the automatic wash bay malfunctioned while Bell and Devine's vehicles were in it, causing Devine's vehicle to collide with Bell's vehicle. NLB [and FLCW] negligently and recklessly allowed Devine to use the automatic car wash bay which was malfunctioning." Shortly after filing their answers and cross-claims against Devine, NLB and FLCW filed a joint motion for judgment on the pleadings. In their motion, they argued that Bell's claim against them was out of time because it did not fall under the MVRA, which has a two-year statute of limitations. They argued that Bell's cause of action was subject to a one-year statute of limitations as a personal injury claim pursuant to KRS[2] 413.140(1)(a). The circuit court agreed and dismissed Bell's actions against NLB and FLCW. This appeal followed.

We first note that the circuit court treated the joint motion for judgment on the pleadings pursuant to CR[3] 12.03 as a motion for summary judgment pursuant to CR 56.03, as reflected in its order. CR 12.03 provides that

---

[1] Ryan Devine is a named party in the underlying action but is not a party in this appeal. Despite the remaining claims against Devine, the circuit court properly designated the order under review as final and appealable, without just cause for delay.

[2] Kentucky Revised Statute.

[3] Kentucky Rule of Civil Procedure.

[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on such motion, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided for in Rule 56, and all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.

At the time the circuit court entered its order, no "matters outside the pleading[s]" such as affidavits or depositions were presented by the parties. However, this issue is not before us on appeal and merely constitutes harmless error. Had the circuit court analyzed the joint motion pursuant to CR 12.03, the end result would be the same (*i.e.*, dismissal of Bell's claims against NLB and FLCW under the MVRA). Moreover, our review in either instance is *de novo*, as only questions of law are presented. *See KentuckyOne Health, Inc. v. Reid*, 522 S.W.3d 193, 196 (Ky. 2017).

KRS 304.39-230(1) provides that any action under the MVRA must be commenced within "two (2) years after the injured person suffers the loss and either knows, or in the exercise of reasonable diligence should know, that the loss was caused by the accident, or not later than four (4) years after the accident, whichever is earlier." Bell filed her complaint approximately fifteen months after the alleged accident at the car wash. In her brief to this Court, Bell argues that she sustained injuries at the car wash through her use of her motor vehicle. Therefore,

she maintains that her claims against NLB and FLCW fall under the MVRA, and her complaint was filed within the statute of limitations. We disagree.

KRS 304.39-020(6) provides

"Use of a motor vehicle" means any utilization of the motor vehicle as a vehicle including occupying, entering into, and alighting from it. It does not include:

(a) Conduct within the course of a business of repairing, servicing, or otherwise maintaining motor vehicles unless the conduct occurs off the business premises; or

(b) Conduct in the course of loading and unloading the vehicle unless the conduct occurs while occupying, entering into, or alighting from it.

We agree with the circuit court and Appellees that Bell's claim against Appellees falls under the business premises exclusion provided in KRS 304.39-020(6)(a). Appellees are in the business of washing vehicles, and customers use their business to clean and maintain their vehicles. KRS 304.39-020(16) defines "[m]aintaining a motor vehicle" as "having legal custody, possession *or responsibility for a motor vehicle* by one other than an owner or operator." (Emphasis added.) Once Bell's vehicle was in the wash bay and her car was placed in neutral, NLB and FLCW were responsible for the proper functioning of the various equipment and apparatus in the car wash. Indeed, Bell's complaint against NLB and FLCW alleges negligence regarding the operation of the wash

-4-

bay and does not concern use or operation of a motor vehicle. We are unpersuaded by Bell's argument that a car wash does not fall under the business premises exception.

In discussing the business premises exception, the Kentucky Supreme Court has stated, "It would seem logical to interpret this exception as to exclude a business, whose conduct is by nature repairing, servicing or maintaining motor vehicles, from collecting under an automobile no-fault provision when *coverage could have and should have been provided for under some other type of business insurance policy*." *Commercial Union Assur. Companies v. Howard*, 637 S.W.2d 647, 649 (Ky. 1982) (emphasis added). Accordingly, we agree with the circuit court and Appellees that Bell's claims against NLB and FLCW were governed by KRS 413.140(1)(a) as a personal injury action making it subject to a one-year statute of limitations. Hence, as a matter of law, her claims were time-barred when she filed them.

The order of the Calloway Circuit Court is therefore affirmed.


ALL CONCUR.

BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEES:

David C. Troutman                       Benjamin R. Talley
Mark Edwards                            Jack N. Lackey, Jr.
Paducah, Kentucky                       Hopkinsville, Kentucky