## Cohen, etc., v. Bigelman, etc.

*Ben Bernstein,* for plaintiff.

*Nissenbaum & Maurer,* for defendant.

Bok, P. J., July 27, 1950.—Plaintiff has sued to recover the amount of five checks alleged to have been given as a loan.

Defendant has filed an answer, alleging that the checks were a marriage gift and that the word "loan", now appearing on the checks, was added later.

I regard this as raising an issue of forgery of the checks. Forgery is the fraudulent making or alteration of a writing to the prejudice of another's right: Pennsylvania v. Misner, 1 Addison 44 (1792) ; Shay v. Merchants Banking Trust Company, 335 Pa. 101 (1939). To cut down a gift to a loan by altering the check would be forgery, as it undoubtedly is to defendant's prejudice.

Where there is an issue of forgery, either law or equity may compel the production of papers in advance of trial for inspection: Dock v. Dock, 180 Pa. 14 (1897). And it may be done either by a bill or by rule. See Amram-Flood's Pennsylvania Common Pleas Practice, pp. 144-147.

### Order

And now, July 27, 1950, plaintiff is directed to deliver the original checks sued upon to the prothonotary, who shall impound them and allow them to be inspected by L. Webster Melcher, a handwriting expert, on behalf of defendant, and by such handwriting expert on behalf of plaintiff as may be approved by the court. This inspection shall take place in the office of the prothonotary unless otherwise directed by the court.