SHENANDOAH LIFE INSURANCE
COMPANY, Plaintiff,

v.

James M. HARVEY
and
Florence Jenkins Harvey, Defendants.

Civ. A. No. 15898.

United States District Court
D. Maryland.

June 22, 1965.

Ambler H. Moss and Thomas Waxter, Jr., Baltimore, Md., for plaintiff.

Norman R. Lilly, Baltimore, Md., for defendant James M. Harvey.

Alva P. Weaver, III, Baltimore, Md., for defendant Florence Jenkins Harvey.

WINTER, District Judge:

The Shenandoah Life Insurance Company (Shenandoah) has impleaded the widow and a surviving son of the late Thomas H. Harvey to determine which of them is entitled to $1,000.00 under Group Policy No. 92–G, issued July 15,

1935, and $1,000.00 under Group Policy No. 47–G, issued January 15, 1932. An opinion expressing the views of the Court after trial was filed February 19, 1965 but withdrawn, and further evidence taken, after defendant James M. Harvey filed a petition to reconsider and proffered additional evidence.

Although the deceased and his widow had been married twenty-seven years, the widow filed a suit for divorce against the deceased on the date of his death. Counsel have stipulated that the widow is eighty-eight years old. Her attendance at the trial was excused upon the certificate of her doctor that she was too ill to travel. Her attorney advises that she is confined to a nursing home. The defendants' conflicting claims arise from the following facts, some of which were stipulated:

The insured designated Thomas George Harvey, son, and Jeanne M. Harvey, wife, as beneficiaries of each of the policies when issued. On January 20, 1937, the designation was changed to Thomas George Harvey, son. On January 17, 1949, the designation of beneficiary was altered again, to name "Florence J. Harvey (Wife)," if living, otherwise to "Thomas G. Harvey (Son)," and, on August 30, 1955, to name "Florence J. Harvey (Wife)," if living, otherwise to "James M. Harvey (Son)."

These successive changes of beneficiary were made under a reserved power and, in accordance with a provision in the group policy certificate reading: "The beneficiary may be changed from time to time, such change to take effect upon receipt by the Shenandoah Life Insurance Company of due application for such change, and upon endorsement by the Insurance Company covering the change on the member's Certificate." Subsequent to the issuance of the two certificates and the last of the beneficiary changes described above, the procedure for changing beneficiaries was unilaterally amended by Shenandoah. The new procedure did not require forwarding of the insurance certificate for endorsement, and Shenan-doah's insureds were advised on the form supplied on which to effect a change of beneficiary: "It is not necessary to forward your certificate(s) or agreement for endorsement. Any statement to the contrary on the certificate should be disregarded." The form further stated: "Upon receipt of the Designation of Beneficiary form at the Home Office of the Insurance Company, the change in beneficiaries will become effective as of the date of such request, whether the Insured is living at the time of receipt or not, but without prejudice to the Company on account of any payment made by it before receipt of the request."

On or about April 18, 1964, the insured was a patient in the Veterans Administration Hospital, Richmond, Virginia, in his last illness. A letter concerning his hospitalization shows that, upon admission, psychological tests were administered, and the psychologist who saw him thought him competent. The physicians caring for him were not concerned about his mental competency or incompetency. If mental competency then is now a question, they believe that only a psychiatric evaluation could have supplied the answer, and no such evaluation was undertaken. His hospital records do not indicate that he was felt to be confused or incompetent. While neither could express a view as to whether the insured was competent or incompetent on April 18, 1964, neither had any specific reason to believe him to be incompetent. At 1:00 P.M. on April 20, 1964, the deceased died of multiple pulmonary emboli.

On April 22, 1964, there was received by Shenandoah, presumably at its home office, in Roanoke, Virginia, a document entitled "Designation of Beneficiary," signed by the insured on April 18, 1964. It is unquestioned that the designation was signed and dated by the insured, who also wrote his home address, "3128 Walinsky Blvd., Richmond, Virginia." The remaining portions of the designation were typewritten and printed in handwriting dissimilar to that of insured. The document had been executed under these circumstances:

While the deceased was a patient in the hospital he expressed the desire to alter the designation of beneficiaries on his insurance policies. About three weeks prior to his death, he was visited by his son, defendant James M. Harvey, who resides in Towson, Maryland, and on the occasion of that visit the deceased asked his son to obtain change of beneficiary forms for the Shenandoah policies so that deceased could designate the son as beneficiary. The son returned to Towson and requested the forms from Shenandoah's local office in the Metropolitan Baltimore area, specifying the change of beneficiary to be made. The son was furnished a single form, together with an envelope addressed to the local office in which to return it.

Meanwhile the son became ill and could not return to see his father until some three weeks later, i. e., April 18, 1964. On that date the son arrived at the hospital at approximately 11:00 A.M. He visited with his father and a social worker attached to the hospital. After the social worker left, the deceased signed the form, which had been filled in except for execution, by Shenandoah, returned it to the son and directed him to mail it to Shenandoah. The son had not brought the return envelope supplied by Shenandoah to Richmond so he carried the executed form to Baltimore and mailed it at approximately 5:00 P.M. from Baltimore.

The son testified that on April 18, 1964, his father was ill but did not appear critically so. The deceased put his legs over the side of the bed to sign the form but did not stand on his feet. As of that date, a social worker believed the deceased to be physically capable of writing and arising from bed.

■ The designation purported to revoke previous designations of beneficiary made by the insured and to designate James M. Harvey as the sole beneficiary to receive the proceeds of each policy in one lump sum. The two certificates evidencing the insurance were not forwarded, and this purported change of beneficiary was not endorsed thereon. The Court takes judicial knowledge of the fact that April 18, 1964 was a Saturday, April 20, 1964 a Monday, and April 22, 1964 a Wednesday.

In support of the widow's claim, it is contended (1) that the change of beneficiary was not effective because not endorsed on the face of the certificate, as required by the original (but not the amended) terms of the contract, and (2) that the equitable principle, "equity regards as done that which ought to be done," to carry into effect the intention of the insured where he has done everything he could to effect a change in beneficiary is inapplicable because the evidence does not show that Thomas H. Harvey manifested a clear intent to substitute his son for his wife as beneficiary of this insurance and did all that he could do to accomplish that result. As a third contention, the widow argues that the burden of proving the insured's mental capacity and understanding to effect a change of beneficiary rests upon the person claiming under the change, and that that burden was not met in this case. The parties are agreed that the case is governed by Virginia law, but no one has cited, nor has the Court found, any Virginia case dispositive of the result. The law of other jurisdictions will be considered as reflecting what decision the Virginia courts would reach.

■ The son correctly answers the widow's first contention by pointing to the language in the change of designation form and by pointing to the complaint which, *inter alia*, impleads the son and fails to allege that change of beneficiary to the son was ineffective, as waiving compliance with the endorsement requirement as a condition precedent to an effective change of beneficiary. The law is clear that an endorsement requirement is for the benefit of the insurer, may be waived, and was waived in the case at bar, Metropolitan Life Insurance Company v. Daniel, 175 F.Supp. 379 (D.C.E. D.Mich.1959); New York Life Insurance Company v. Cannon, 22 Del.Ch. 269, 194

A. 412 (1934); Reid v. Durboraw, 272 F. 99 (4 Cir. 1921); Fidelity & Deposit Co. of Maryland v. Moore, 177 Va. 341, 14 S.E.2d 307 (1941); Annotation 19 A.L.R.2d 5, 101–116 (1951). See also, Harmon v. Coyle, 209 F.2d 200, 203 (4 Cir. 1953).

■ The widow's third contention may be rejected summarily, because the Court reads the letter from the insured's doctors, the substance of which has been previously stated, to establish that, on April 18, 1964, Thomas H. Harvey had sufficient mental capacity and understanding to effect a change of beneficiary, irrespective of on whom rested the burden of proving that fact. This construction of the letter is corroborated by the testimony of the son and the social worker.

■■ The widow's second contention also lacks merit. While authorities pro and con can be found on the effect of an incomplete or irregular formal change of beneficiary, modern cases ordinarily apply equitable principles to hold that when an insured, having an unrestricted power to change beneficiaries, manifests a clear intent to effect a change of beneficiary, but death intervenes before all formal requirements are met, equity will regard as done that which should be done, and make effective the change. Cases prior to 1951 are collected in an annotation in 19 A.L.R.2d 5. See also, New York Life Insurance Company v. Lawson, 134 F. Supp. 63 (D.C.Del.1955), and the statement in the pre-Erie decision [Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188] in this circuit in Reid v. Durboraw, supra. Some of the cases are in hopeless conflict; many turn on their peculiar facts; but in all of the cases upholding a change of beneficiary there has been a clear manifestation of the insured's intent to accomplish that purpose. Such a manifestation was clearly proved here.

■ Although Thomas H. Harvey and his wife had been married twenty-seven years, differences had obviously arisen between them, to the extent that Mrs. Harvey was seeking a divorce, so that it may be said that there may well have been a reason why the deceased no longer wished the widow to be the beneficiary of his life insurance policies. He expressed a desire to remove her as beneficiary to a completely disinterested witness. He signed a designation of beneficiary form accomplishing that result on a date when he was mentally and physically competent to do so, and he clearly instructed that the form be mailed to Shenandoah to accomplish its purpose. The form was mailed during his lifetime, in accordance with his instructions, but the Court infers that because the form was mailed to the local office of Shenandoah in the Metropolitan Baltimore area it was not forwarded and received by Shenandoah's home office until death of the insured intervened. Yet the proofs show that the deceased had done all that he could conceivably do to accomplish his purpose during his lifetime, and while he was competent to understand the nature of his acts. In short, there was a clear manifestation of the insured's intent that defendant James M. Harvey be the beneficiary of the insurance policies and, in the exercise of its equitable powers, the Court will carry out the manifested intent and not permit that intent to be frustrated.

■ Shenandoah has filed a petition requesting counsel fees in the amount of $250.00 and expenses of $38.17. Shenandoah's counsel advises that, since the filing of the petition, Shenandoah has incurred an additional charge of $2.21 for a long distance call, made at the request of counsel for both defendants. The requested fee and these costs will be allowed.

The Court concludes that the purported change of beneficiary was effective, and that the fund, less an award to Shenandoah, should be disbursed to the son.

Counsel may prepare an order disbursing $290.98 to Shenandoah, and the balance to James M. Harvey.