**PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff,**

v.

**Judith A. BANNISTER and Mary Lou Ahlin, Defendants.**

**Civ. A. No. 77–37 Erie.**

United States District Court,
W. D. Pennsylvania.

April 15, 1978.

Edward Orton, North East, Pa., for Bannister.

Frederick Fifner, Cleveland, Ohio, Theodore J. Padden, Erie, Pa., for Ahlin.

David E. Holland, Erie, Pa., for Prudential Ins. Co.

## FINDINGS AND OPINION

WEBER, Chief Judge.

This is an interpleader action brought by Prudential Insurance Company of America to determine contesting claims to the proceeds of a life insurance policy. The policy was issued in 1962 on the life of William E. Bannister. At the time of the insured's death, his sister Mary Lou Ahlin was the named beneficiary endorsed on the policy, and his wife Judith A. Bannister had been named beneficiary by the insured on a request for change of beneficiary form signed by the insured and presented to the company four months previously. They are the respondent-claimants in this interpleader action.

On November 9, 1974, William E. Bannister married the claimant Judith A. Bannister. On December 18, 1974, by filing a change of beneficiary form and by delivering the policy, the insured made Judith A. Bannister the beneficiary of his life insurance policy. On July 21, 1975, he again changed the beneficiary to Mary Lou Ahlin, his sister. The testimony revealed evidence of some marital discord at that time and a temporary separation, but the parties were reunited shortly thereafter and had a stable marital relationship until William's death.

On October 10, 1975, William A. Bannister was diagnosed as suffering from acute leukemia. In December 1975, he was unable to pay the insurance premiums and asked his mother, Ruth Charnicky, to pay the premium on the policy. Prior to or at that time, she received the policy document from William and retained possession until after William's death when she delivered it to Judith.

In June 1976, William, who was undergoing repeated treatments of radio and chemotherapy for his condition, again received a premium notice. At that time, the local agency office of Prudential received a call or calls regarding a loan on the policy, and the right of waiver of premium due to disability and the change of beneficiary. The testimony conflicts as to whether these inquiries were made in one or more calls, and by William or Judith or both of them. In any event, the loan request was processed immediately, and forms for requesting change of beneficiary and for waiver of premium on disability were mailed to the insured. The form for waiver of premium was signed by William Bannister on June 7, 1976. An accompanying medical form was signed by his treating physician on June 14, 1976. The form for requesting change of beneficiary to Judith A. Bannister was signed by the insured on June 13, 1976, received by the local office, and mailed to the home office on June 15, 1976.

The home office notified the local office on July 29, 1976 that they were returning the request for change of beneficiary form and closing the case. The local agent in charge of the customer account was not aware of this return. The local office reveals that the change of beneficiary form was again submitted to the home office on September 22, 1976. A form letter reply was received by the local office on September 27, 1978, requesting that the policy be submitted for endorsement and that a request form be re-submitted.

There is no evidence that William E. Bannister or his wife Judith A. Bannister were ever notified or informed that the request for change of beneficiary had not been executed by the Prudential Insurance Company at its home office.

Shortly after the death of William E. Bannister, his mother Ruth E. Charnicky delivered the insurance policy document to the widow Judith A. Bannister. It was tendered to the insurance company for endorsement of the change of beneficiary form but, because of conflicting claims to the proceeds, the insurance company refused to take this action.

The language of the policy governing the methods and the manner of changing the beneficiary reads:

*Beneficiary*: The Beneficiary under this policy may be changed from time to time upon proper written request, but such change shall become operative only if the policy is so endorsed by the company, whereupon it shall take effect and any

previous beneficiary's interest shall cease as of the date of such request, whether or not the insured is living at the time of such endorsement.

A similar statement is set forth on the reverse side of the form for change of beneficiary, but the insured submitting the form is not required to fill in or sign anything on the reverse side of the form.

 Controlling Pennsylvania law requires compliance with the terms of the policy but does not demand literal compliance where it is shown that the insured has made all reasonable efforts under the circumstances to comply and thereby achieves substantial compliance. In determining whether substantial compliance has occurred, courts will give effect to the intention of the insured to change beneficiaries when the insured has done all that he could to comply with the terms of the policy. The essential inquiry is whether a new beneficiary has shown that the insured intended to execute a change to such an extent that effect should be given it, see *Skamoricus v. Konagiske,* 318 Pa. 128, 178 A. 809 (1935). Our Court of Appeals summarized the governing Pennsylvania law as follows:

> Pennsylvania law . . . is to the effect that when an insured wishes to change the beneficiary, he can do so without strict and literal compliance with the policy terms. Thus, it is not always necessary that the form supplied by the company be used or that the change be endorsed on the policy. Substantial compliance with policy provisions is sufficient. All that is required is that every reasonable effort under the circumstances be made to effect the changes. (citations omitted).

*Provident Mutual Life Ins. Co. v. Ehrlich,* 508 F.2d 129, 132–33 (3d Cir. 1975).

A clear expression of the insured's intent is his execution and presentation to the company of the required change of beneficiary form. Contesting this is the inference to be drawn from evidence that the insured had previously presented the policy for the required endorsement on four prior occasions, and was thus familiar with the company's procedures. This inference is entitled to consideration in attempting to determine the insured's intent.

The circumstances prevailing at the time require particular consideration. In October 1975, the insured was diagnosed as suffering from acute leukemia. He underwent repeated hospital admissions of several days duration each for x-ray and chemotherapy. He was not attentive to the details of his insurance coverage. Although his physical condition in December 1975 entitled him to a waiver of premium, he did not request this but asked his mother, who had possession of the policy at that time, to pay the premiums for him. In all events, after submitting the request for change of beneficiary in June 1976, he was never made aware that the company had failed to comply with his request because of his failure to submit his policy, although the company had acted on his request for policy loan and for waiver of premium which were submitted at the same time. These events, occurring in the midst of his treatment for leukemia, may have lulled the insured into thinking that his insurance policy required no further attention.

 In sum, we find that Mr. Bannister's acts of signing the change of beneficiary form in June 1976 and sending it to the local office evidences his clear intention to make his wife Judith Bannister the beneficiary of his life insurance policy. We find that these acts constitute substantial compliance with the terms of the policy and indicate that the insured, who was understandably preoccupied with his serious illness at the time, made all reasonable efforts under the circumstances to change his beneficiary according to the terms of the policy.

Accordingly, we award the proceeds of William E. Bannister's life insurance policy to his wife Judith A. Bannister, less $331.00, which we award as costs and attorneys' fees to the counsel for Prudential Insurance Company who initiated this interpleader action.