PROVIDENT INDEMNITY LIFE
INSURANCE COMPANY

v.

Doris L. DURBIN and David
P. Chandler.

Civ. A. No. 80–1325.

United States District Court,
E. D. Pennsylvania.

May 4, 1981.

**5**

Barbara Silverman, Norristown, Pa., for plaintiff.

William B. Eagan, Willow Grove, Pa., for defendant Chandler.

Neil A. Morris, Sidkoff, Pincus, Greenberg & Green, Philadelphia, Pa., for defendant Durbin.

## MEMORANDUM OF DECISION

McGLYNN, District Judge.

This interpleader action [1] arises from a contest between two individuals, defendant, Doris L. Durbin ("Durbin") and David P. Chandler ("Chandler"), who claim to be beneficiaries of the proceeds payable from a group life insurance policy. The policy was issued by the plaintiff, Provident Indemnity Life Insurance Company ("Provident") to Northampton Township ("Township") for the benefit of Township employees. Presently before the court is Durbin's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. After careful consideration of the record and the argu-

ments of counsel, I have concluded, for the reasons set forth herein, that Durbin's motion for summary judgment should be granted.

## I.

In 1974, Delman W. Chandler (hereinafter referred to as "the Insured"), began working as a police officer for Northampton Township. As part of Chandler's employment benefits, the Township provided him with coverage under a group life insurance policy. The premiums under this policy were paid solely by the Township. The Township purchased group life insurance from an insurance company and occasionally the Township would change from one company to another.

Only high Township executives and supervisors would consider and decide what actions to take with regard to the group insurance. When these officials were contemplating a change in group life insurance carriers, the various Township department heads, such as the Chief of Police, as well as the Township employees, would not be advised of the contemplated action. A change in group insurance carriers required approval of the Board of Supervisors at a formal meeting.

The Township was responsible for the entire administration of the group life insurance policy. Enrollment cards and any forms for changes in an employee's policy would have to be obtained by the employee from the Township and then returned to the Township. The Township would then forward the information to the insurance company. In 1976, the Township purchased group life insurance from Provident. At that time, the Insured was provided with a Provident enrollment card by the Township. On that card, the Insured designated defendant, Chandler, his adopted son, as the sole beneficiary of this group insurance. The Township renewed this insurance with Provident through June 30, 1979 and as of this date, the coverage for the Insured was in the amount of $37,000.

---

1. Jurisdiction of this case is based on the Federal Interpleader Act, 28 U.S.C. § 1335 (1977).

On June 1, 1979, the Township considered changing group insurance carriers from Provident to Bankers Life Company, ("Bankers Life"). The Township Manager sent enrollment cards for Bankers Life group life insurance to all department heads for distribution to all full-time employees. The cards were accompanied by a written memorandum to the department heads dated June 5, 1979, which stated, in pertinent part:

> Please have the attached cards filled out entirely by all permanent, full time employees. This insurance will cover our life insurance, LTD & AD&D.
>
> All forms MUST be returned no later than Friday, June 8, 1979 to my office. Thank you.

There was no other information provided to the department heads concerning the group life insurance. No effective date was stated on the memorandum. In fact, on the date of the distribution of the memorandum and the Bankers Life cards, it was not possible to provide an effective date because the Township Board of Supervisors had not met and passed the required resolution to effectuate the change.

Police Chief, William J. Feeney ("Feeney"), distributed the Bankers Life cards to his personnel (including the Insured) with his own memorandum on June 7, 1979, which stated:

> Please fill out entirely the attached card and return to my office no later than June 8, 1979.

On June 7, 1979, the Insured filled out the Bankers Life card, putting his mother, Doris L. Durbin and his adopted son, David P. Chandler, in that order, as intended beneficiaries of the group life insurance policy (See Exhibit A). The enrollment card together with the memorandum from Chief Feeney was all of the information provided to the Insured. The card completed by the Insured had no effective date, but the date of execution by the Insured was June 7, 1979. In addition, the name "Bankers Life" was not prominently displayed nor was the

expressed purpose of the card indicated, except that it was identified as "Group Enrollment Card" in relatively small print at the very bottom. Upon the return of the Insured's card, Chief Feeney forwarded it to the Township Manager. Just two weeks later, on June 22, 1979, the Insured died of a heart attack. Five days after his death, on June 27th, the Township voted to change insurance carriers to Bankers Life effective July 1, 1979. Therefore, at the time of his death, the insured was still covered by the group life insurance policy of Provident.

The issue is whether the insured effectively changed the beneficiary of the life insurance policy provided by his employer so as to designate his mother as a co-beneficiary with his adopted son.

## II.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to a judgment as a matter of law." The party moving for summary judgment has the burden of demonstrating that there is no genuine issue of material fact. *Adickes v. S. H. Kress and Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The court, for purposes for determining a summary judgment motion, must view the record in the light most favorable to the party opposing the motion, —here, the defendant Chandler. *Small v. Seldows Stationery*, 617 F.2d 992, 994 (3d Cir. 1980).

Although I am cognizant of the strict standards governing the grant of summary judgment, I am convinced that these standards are met here. The parties do not dispute the facts as stated above. These facts present an issue that can be determined by application of the relevant principles of Pennsylvania[2] insurance law: Was the insured's execution of the Bankers Life enrollment card sufficient to add his mother

---

**2.** The parties agree that Pennsylvania law is to be applied to the substantive issues in the case.

as a co-beneficiary of the Provident life insurance policy supplied by the Township within the meaning of the policy's requirement of "written notice" to the insurance company in order to change beneficiaries? Since the instant motion presents only a question of law, it may properly be disposed of on summary judgment. *Associated Hardware Supply Co. v. Big Wheel Distributing Co.*, 355 F.2d 114, 119 (3d Cir. 1965).

■ Defendant Chandler cannot defeat the summary judgment motion by arguing, as he does, that there is a material factual dispute with regard to his allegation that the insured intended to add his mother to his life insurance policy only in the event the policy was underwritten by Bankers Life rather than by Provident. Once a summary judgment motion is made and has been properly supported as has been done in the case at bar, an adverse party may not rest on his mere allegations but must set forth specific facts showing that there is a genuine issue for trial in order to prevent the court from considering the substantive merits of the motion. *Tunnell v. Wiley*, 514 F.2d 971, 976 (3d Cir. 1975).

Durbin has come forth with sufficient circumstantial evidence to show that it was the Insured's intention to add his mother as a beneficiary of the life insurance policy provided by his employer regardless of which particular insurance company was underwriting the Township's policy. Defendant Chandler, on the other hand, has not offered any specific facts to support his contention. Thus, no genuine issue of material fact exists that would preclude the court from considering the summary judgment motion. I therefore will proceed to examine the legal issue raised by the motion.

### III.

The Provident insurance policy, which was in effect at the time of the insured's death on June 22, 1979, provided:

### BENEFICIARY

*Designation and change.* During his lifetime, an Employee may designate or change his Beneficiary by given written notice, which is signed and dated by the Employee, to the Home Office of the Company. Any designation or change is effective on the date it is signed; HOWEVER, the liability of the Company will be completely discharged to the extent that any payment(s) are made before this notice is received at the Home Office of the Company.

■ Pennsylvania courts follow the doctrine of "substantial compliance", which holds that a change of beneficiary of an insurance policy can be effected without strict or complete compliance with the provisions of the policy; rather all that is needed to change a beneficiary is a substantial compliance. *Provident Mutual Life Insurance Co. v. Ehrlich*, 508 F.2d 129, 132–33 (3d Cir. 1975). Literal compliance with the terms of the policy is not essential when "it is shown that the insured has made all reasonable efforts under the circumstances" to comply with the provisions of the policy. *Prudential Insurance Co. v. Bannister*, 448 F.Supp. 807, 809 (W.D.Pa.1978). In determining whether the insured has complied substantially with the terms of the policy, "courts will give effect to the intention of the insured to change beneficiaries when the insured has done all that he could to comply with the terms of the policy." *Id.* "The essential inquiry is whether a new beneficiary has shown that the insured intended to execute a change to such an extent that effect should be given it." *Id.* The Third Circuit summarized the applicable Pennsylvania law as follows:

Pennsylvania law ... is to the effect that when an insured wishes to change the beneficiary, he can do so without strict and literal compliance with the policy terms. Thus, it is not always necessary that the form supplied by the company be used or that the change be endorsed on the policy. Substantial compliance with policy provisions is sufficient. All that is required is that every reasonable effort under the circumstances be made to effect the change.

8

*Provident Mutual Life Insurance Co. v. Ehrlich,* 508 F.2d 129, 132–33 (3d Cir. 1975) (citations omitted).

■ The documentation presented in support of the motion for summary judgment shows that the Insured did everything that he thought and believed was required of him to add his mother to the Township's life insurance plan and that he made all reasonable efforts under the circumstances to comply with the change-of-beneficiary clause of the Provident policy. The Insured knew that he had a group life insurance policy through his employer, the Township. On June 7, 1979, the Township distributed Bankers Life enrollment cards which contained instructions to designate the insured's beneficiaries. The Insured wrote in the names of Doris L. Durbin, his mother and David P. Chandler, his adopted son, in that order on that card. No effective date was specified on the Bankers Life card. Indeed, as noted above, as of June 7, 1979, the day the insured signed the card, the decision to switch from Provident to Bankers Life had not been finalized.

The Township alone determined the carrier and the type of insurance. The employees had no control over nor any notice of when, if at all, the Township was going to retain a different company. What the employees did know was that they had group life insurance. The identity of the carrier was of no particular significance to the employees. As Police Chief Feeney stated:

> We [the police officers of the Township] would know what our coverage was, our benefits were, but we wouldn't know the actual provider of the insurance.

(Feeney deposition at 21).

On these facts, then, I have no difficulty in finding that the Insured intended to change the designation of the beneficiary under the Township group life insurance plan and that he substantially complied with the provisions of the policy by inserting the names of the beneficiaries on the Bankers Life form and returning it to his employer.

## IV.

■ Even if I were to hold that the Insured did not substantially comply with the requirements of the change-of-beneficiary clause of the policy, Durbin would nonetheless be entitled to judgment. Even when the terms of the policy are not substantially complied with, courts will apply equitable principles and allow a substitution of a beneficiary when the insurer is not a party litigant. 5 G. Couch, Cyclopedia of Insurance Law § 28.65, at 155 (2d ed. 1960). This result is justified because the rights of the insurance company are not involved in the case. A change-of-beneficiary clause in a policy is for the benefit or protection of only the insurer, *Provident Mutual Life Insurance Co. v. Ehrlich,* 508 F.2d 129, 134 (3d Cir. 1975), and by interpleading the proceeds of the policy into the court, the insurance company waives "its right to insist upon literal compliance with the terms of the policy respecting [a] change of beneficiary...." *Skamoricus v. Konagiskie,* 318 Pa. 128, 132, 177 A. 809, 810 (1935). *Accord, Shay v. Merchants Banking Trust Co.,* 335 Pa. 101, 104, 6 A.2d 536, 538 (1939).

■ When the insured's intent and attempted compliance is clear, a court will exercise its equitable power to carry out the manifested intent and not permit that intent to be frustrated. As the court in *Shenandoah Life Insurance Co. v. Harvey,* 242 F.Supp. 680 (D.Md.1965) stated:

> While authorities pro and con can be found on the effect of an incomplete or irregular formal change of beneficiary, modern cases ordinarily apply equitable principles to hold that when an insured, having an unrestricted power to change beneficiaries, manifests a clear intent to effect a change of beneficiary, but death intervenes before all formal requirements are met, equity will regard as done that which should be done, and make effective the change.

*Id.* at 683. In the instant case, the Insured's manifest intention was to add his mother as a beneficiary of the life insurance policy provided by his employer regardless of which particular insurance com-

pany was underwriting the policy. Accordingly, I will give effect to the Insured's intent by granting Durbin's motion for summary judgment. Judgment will be entered in her favor in the amount of $18,-749.48, which is one-half of the insurance proceeds due as a result of the Insured's death under the Provident policy, together with the sum of $520.96[3] for a total sum of $19,270.44.[4]

## EXHIBIT "A"

INSTRUCTIONS

PRESS HARD
FOR
GOOD COPIES

Please Print
(Use Ballpoint Pen)

LEAVE FORM
INTACT

(Your copy will be
returned after
processing)

BE SURE CARD
IS COMPLETED
IN FULL

(Review for Completeness
and accuracy)

THE BANKERS LIFE

Name *Del W Chandler*

(First)   (Init.)   (Last)

Group Policyholder   *Northampton Township*   Account No.

Date of Birth *5 28 34*   Sex ☑ Male ☐ Female   Social Sec. No. *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*   Spouse Date of Birth

☐ Single ☐ Married   Eligible Children?   Do you want to insure your eligible spouse and children?

☐ Widowed or Divorced   ☐ Yes ☐ No   ☐ Yes ☐ No

Beneficiary—Fill in only when group life or accidental death benefits are provided.

(First) *Doris*   (Init.) *L*   (Last Name) *Durbin*   (Relationship) *Mother*

*David*   *P*   *Chandler*   *Son*

Unless otherwise provided herein, if two or more beneficiaries are named, the proceeds shall be paid in equal shares to the named beneficiaries surviving the insured. I request to be insured if the group insurance plan provides that contributions be made by me. I authorize my employer to deduct them from my pay.

Date Signed *6 7 79* x *Del W Chandler*

Signature of Employee or Member

Employer To Complete   Date Employed *1 Mo 5 Da 70 Yr*   Loc   Occupation *Police Officer*   Earnings

Bankers Life to Complete   Account No   ID No.   Eff. Date   Life Insurance   Med. Code   Income Benefit   Code 1   Code 2   Code 3   Code 4   Code 5

Bankers Life Company

---

**3.** This sum represents the total amount of the bond submitted by Provident on April 3, 1980 to the Clerk of the Court obligating it to pay the Clerk this sum should the Court determine that Durbin is entitled to one-half of the proceeds from the insurance policy in question. The bond was filed by Provident because it had previously paid defendant Chandler monies that Durbin is entitled to under the insurance policy (See amended complaint ¶ II(L)).

**4.** Durbin asks the court to order Provident to pay six percent interest on this sum from April 3, 1980, the date of the filing of this case. This request is denied. An insurer in an interpleader action cannot be held liable for prejudgment interest after the date of deposit of the insurance proceeds with the court. *Stuyvesant Insurance Co. v. Dean Construction Co.*, 254 F.Supp. 102, 113 n.9 (S.D.N.Y.1966), aff'd, 382 F.2d 991 (2d Cir. 1967).