**1222**

Marie CIPRIANI, Plaintiff,

v.

SUN LIFE INSURANCE CO. OF
AMERICA, Defendant and
Third-Party Plaintiff,

v.

Margaret CIPRIANI, Third-Party
Defendant.

C.A. No. 83–3941.

United States District Court,
E.D. Pennsylvania.

March 14, 1984.

Richard Osterhout, Trevose, Pa., for plaintiff.

Murry S. Levin, Philadelphia, Pa., for defendant and third-party plaintiff.

Jay Barsky and Sharlyn Cohen, Philadelphia, Pa., for third-party defendant.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

This action was filed by the plaintiff, Marie Cipriani, ex-wife of Edward Cipriani, decedent insured, who claims to be the beneficiary of a life insurance policy issued by the defendant, Sun Life Insurance Co. of America ("Sun Life"), the proceeds of which were paid by the defendant to the decedent's mother, Margaret Cipriani. The defendant Sun Life filed a third-party complaint against third party defendant Margaret Cipriani. The case was bifurcated for trial by first trying the claim of the plaintiff against the defendant.

The plaintiff and Edward Cipriani were married on December 21, 1971. On July 27, 1976, upon written application of Edward Cipriani, the insured, the home office of Sun Life issued a policy of insurance, No. D764120, with subsequent endorsements dated October 27, 1976 and June 27, 1977. Edward Cipriani was both the owner of and the insured under that policy, and

the policy designated the plaintiff as beneficiary.[1]

On October 15, 1980 plaintiff and Edward Cipriani were divorced. On June 20, 1982, the insured died while the above-mentioned policy of insurance was still in effect.

Among the general provisions of the policy is the following:

*Change of Beneficiary*

While the insured is living and while the Policy continues in force, the Owner may change the beneficiary from time to time by written notice in form satisfactory to the Company, provided, however, that when a beneficiary has been designated irrevocably, such designation cannot be changed or revoked without such beneficiary's written consent. No change of beneficiary will take effect unless recorded by the Company at its Home Office. However, upon being so recorded any such change shall take effect as of the date the notice was signed, whether or not the Insured is living when the change is recorded, subject to any payment made or any action taken by the Company before such recording.

No change of beneficiary on Policy No. D764120 was ever recorded by the defendant at its home office. No original change of beneficiary form nor any copy of a change of beneficiary form has been produced by the defendant or any other person.

On August 24, 1982, September 23, 1982, October 15, 1982 and October 25, 1982 defendant's claim department wrote to plaintiff, stating, "We are writing to advise you of the current status of your pending claim. (Exhibits E, F, G and H).

On December 22, 1982, a Life Claims Examiner of defendant's claims department wrote to Mr. Edward J. Gilson, then attorney for decedent's mother, Margaret Cipriani, stating, *inter alia*, that "the beneficiary on Policy # D764120 is the ex-wife

of the insured. Rather than the mother who is making claim." (Exhibit I).

On January 6, 1983, a Benefit Payment Request was approved for payment to plaintiff and a check voucher for the full amount of the proceeds of the policy was issued to Marie Cipriani, but was not paid to her. (Exhibits J, K).

On January 17, 1983, Sun Life issued a check to decedent's mother Margaret Cipriani in the amount of $34,589.72 for full payment of the proceeds due under Policy Number D764120.

Defendant has presented only the testimony of its three employees to attempt to prove that the insured executed a change of beneficiary form. Sun Life agent Elwood Schneider ("Schneider") testified that in January, 1982, Edward Cipriani asked him to change the beneficiary on his insurance policy number D764120 from his ex-wife, Marie Cipriani, to his mother, Margaret Cipriani. Schneider testified that he left a filled out change of beneficiary form with the insured's mother and asked her to witness her son Edward's signature on the form since he, Schneider would not be present when Edward signed the form. There was no testimony whatsoever as to the actual execution of the change of beneficiary form by the insured, only that the completed form was picked up two days later by agent Schneider. There was no testimony that the decedent had in fact signed the change of beneficiary form.

Schneider testified that he delivered the form to Sun Life's district office, but it was returned to him by Regina Richardson, an employee of Sun Life responsible for reviewing change of beneficiary forms. Schneider testified that the form was returned to him because the age of the beneficiary, a home office requirement, had been omitted. He testified that Richardson filled in the relationship of Margaret Cipriani because she was familiar with the family. Regina Richardson, on the other hand, testified that she had returned the

---

1. The insured had three other insurance policies with Sun Life, Policy Numbers 9440236, 9707434 and 8205200, all of which named his

mother Margaret Cipriani as the beneficiary. None of those policies are at issue in this case.

form to Schneider because both the age and the relationship of the beneficiary was omitted.

Schneider testified that he visited Margaret Cipriani and obtained the information on her age and resubmitted the form to the district office. There was no testimony that anyone at the district office ever saw the resubmitted form. Mrs. Richardson testified that she was promoted to office manager between the time she had given the form back to Schneider to get the age and relationship and the time he said he brought it back to the office. She stated that she never saw the form again after she gave it to Schneider to get the relationship and age of Margaret Cipriani.

The last witness produced by the defendant was Robert Myers ("Myers") who testified that he has been employed by the defendant for 44½ years, and is a senior agency manager. He and Schneider visited the deceased insured Edward Cipriani on April 26, 1982 for the purpose of selling him additional insurance. At that time he heard Schneider say that he had changed the beneficiary on the policy, which is the subject matter of this litigation, to the decedent's mother. Myers testified that he never saw the change of beneficiary form.

■■■ Under Pennsylvania law, a change of beneficiary on an insurance policy is ineffective unless there has been strict compliance with the policy's terms. *Equitable Life Assurance Society v. Stitzel*, 299 Pa.Super. 199, 445 A.2d 523 (1982). An exception to the strict compliance requirement may arise where, under the circumstances, the insured has made all reasonable efforts to comply with the policy's terms and thereby achieves substantial compliance. *Prudential Insurance Company of America v. Bannister*, 448 F.Supp. 807, 809 (W.D.Pa.1978). The essential inquiry, under the substantial compliance exception, is whether there has been a sufficient expression of the insured's intent to change beneficiaries so that effect should be given to it. *Id.* The defendant contends that the insured, Edward Cipriani, substantially complied with the policy's terms in changing the beneficiary to his mother. However, after considering the testimony and the cases which have applied the substantial compliance standard, the court disagrees with that conclusion.

In asserting that Edward Cipriani substantially complied with the policy's terms, the defendant principally relies on *Provident Mutual Life Insurance Company v. Ehrlich*, 508 F.2d 129 (3d Cir.1975) and *Bannister, supra.* Both cases were interpleader actions brought by the insurance companies to determine contesting claims to the proceeds of life insurance policies. In *Bannister*, the home office of the insurance company twice returned the change of beneficiary form to the local office because the policy was not submitted with the change form. The insured had been suffering from acute leukemia, and, under the circumstances, the court found that by signing the change form and mailing it to the company offices, the insured made a reasonable effort to comply with the policy's terms. 448 F.Supp. at 809.

In *Ehrlich*, the insured requested a change of beneficiary form from the insurance company. The company, however, refused to honor his request because it was acting under the mistaken belief that the insured could not change his beneficiary pursuant to the terms of his divorce decree. The Third Circuit held that the insured's attempts to obtain a change of beneficiary form from the company constituted substantial compliance. 508 F.2d at 133. As *Bannister* and *Ehrlich* demonstrate, the substantial compliance standard is not satisfied by a mere declaration of intent to change the beneficiary. "[T]here must be shown a positive, unequivocal act toward such change..." *Equitable Life Assurance Society v. Stitzel*, 299 Pa.Super. 199, 203, 445 A.2d 523 (1982).

The evidence presented in the case *sub judice* does not indicate that the insured, Edward Cipriani, took any unequivocal action to change beneficiaries. No original or copy of any change of beneficiary form relating to Policy No. D764120 was produc-

ed. This case is, therefore, unlike *Bannister* where there was no question that the insured executed the change form and presented it to the company. The defendant, Sun Life, has attempted to prove that the insured executed a change of beneficiary form through testimony of three of its employees. Sun Life insurance agent Elwood Schneider testified that he brought a change of beneficiary form to the insured's mother. He further testified that he asked the insured's mother to witness her son's signature on the change form because he would not be present when the insured signed the form. He picked up the form two days later and delivered it to the district office. Regina Richardson of Sun Life's district office testified that she returned the form to Schneider because the age and relationship of the beneficiary were missing from the form. Myers testified that although he never saw the form he was present when Schneider told the insured that the beneficiary was changed to his mother.

The credibility of this testimony is somewhat impaired because Schneider, Richardson, and Myers are all employees of Sun Life which has a strong pecuniary interest in the outcome of this case. Assuming, however, that Sun Life's witnesses are credible, their testimony is not sufficient to show the substantial compliance of the insured. There was no testimony from Schneider, Richardson, Myers or anyone else that the insured had, in fact, signed the change of beneficiary form. Nor was there any testimony that the insured's mother witnessed the signing of the form. In sum, nothing in the testimony of the witnesses presented by the defendant establishes that the insured performed any unequivocal act which expressed a clear intent to change beneficiaries. Accordingly, the court holds that the insured did not substantially comply with the policy's terms in changing beneficiaries, and therefore finds in favor of the plaintiff.

Pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, the above Memorandum Opinion constitutes this court's Findings of Fact and Conclusions of Law.